NEWARK ATHLETIC CLUB, PROSECUTOR, v. BOARD OF ADJUSTMENT OF NEWARK, NEW JERSEY, AND SAYBROOK HOLDING COMPANY, DEFENDANTS.

Argued October 3, 1928—Decided January 3, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, William H. Osborne.

For the defendants, Saul & Joseph E. Cohn.

Per Curiam.

On August 29th, 1927, the Saybrook Holding Company made application to the superintendent of buildings for a permit to erect a commercial or public garage at 13–23 Saybrook Place, in the city of Newark.

On August 30th such application was refused by the superintendent of buildings, who made the following notation on the application: "8/30/27 Rejected—Public Garage—Not permitted at this site."

The structure was proposed to be erected in a district not zoned against such class of structure unless the conditions were such as to make an amendment of the zoning ordinance known as section 6a applicable.

That section provides:

"Under no circumstances shall a permit be issued for the erection or enlargement of a public or commercial garage, as defined in the fire prevention code of the city of Newark, or for a motor vehicle service station or for the conversion of any premises not so used to be used for such purposes, in any district, whether it be a business district or an industrial district, if any part of the lot or plot in question is situated wthin a radius of two hundred feet of:

1. A public school.

2. A duly organized school giving regular instructions at least five days a week for eight or more months a year.

3. A hospital.

4. A church.

5. A theatre or opera house or other building used or intended to be used for theatrical or operatic purposes or for public entertainment.

6. A public library, or

7. A public art museum."

The applicant on August 30th, 1927, filed an appeal from such refusal of the superintendent of buildings to the board of adjustment. The matter came before that body on September 15th, 1927, and was laid over to October 6th, 1927, which day being a Hebrew holiday, it was further continued to October 7th, 1927, when the board of adjustment by its

judgment found that the decision of the superintendent of buildings should be reversed and the permit granted.

This writ brings up for review such finding and judgment of the board of adjustment.

Seven reasons are advanced by the prosecutor why this judgment should be set aside.

Amongst these are some that are not proper reasons. For instance the third reason is: "The prosecutor is directly interested in the situation, as its property is affected and it has the right to raise any question raised by this reason."

This goes to the question of the status of the prosecutor which seems to be in no wise contested by the defendants.

The first reason is that the board of adjustment reached its determination without taking any proofs as required by law.

It appears, without contradiction, that the board heard no evidence but based its conclusion as to the facts entirely upon an inspection and examination of the premises and locality and suroundings by all the members of the board.

Whether or not this was proper or sufficient under *Chancellor, &c., Co.* v. *Senior,* 4 *N. J. Mis. R.* 633; *Hendey* v. *Ackerman,* 5 *N. J. Adv. R.* 600, and *Marvin* v. *Westfield,* 5 *N. J. Mis. R.* 668, we think is unimportant inasmuch as the matters before the board of adjustment did not go to the questions raised in those cases but purely and solely as to whether the amendment to the zoning ordinance, section 6a, *supra,* applied to the case in hand.

The second reason is: "The building superintendent, the transportation department and the traffic department of the city of Newark are all opposed to the erection of this garage; the congestion in Saybrook Place and vicinity is so great that this garage will materially interfere with traffic conditions—traffic jams there have reached the saturation point."

This is immaterial and of no consequence to the matter before us because as before stated the structure in question is not prohibited by the zoning ordinance of the city of Newark unless it be by section 6a, *supra.*

Reason six is: "The burden is on defendants to show the erection is proper, and they have not established that fact by any proofs of any kind."

The soundness or unsoundness of this proposition we are not passing upon because we think it unnecessary in view of the matters we will later pass upon.

Reason seven is general: "The board of adjustment should have affirmed the refusal of the building department and should have refused the permit instead of granting it. The board's determination is illegal and should be set aside."

To this our answer is that the conclusions we have reached as to the remaining reasons, four and five.

Reasons four and five insist that the permit should have been refused by the board of adjustment as it was properly refused by the superintendent of buildings because the building of the prosecutor is used for public entertainment and the Trinity Parish House is a church and a school, all within the intendment of section 6a, *supra*.

If these contentions, or either of them, were true, both structures are within the prescribed distance of two hundred feet of the proposed garage structure.

But from the proofs before us we conclude that neither contention is sound in fact or law.

Turning first to the Trinity Parish House, which, it is contended, is a church and a school, we find the purposes and uses to which it is put is to conduct the Sunday school of Trinity Parish, at which there are prayers read, hymns sung, the reading of scripture and bible instruction, twice each Sunday except during July and August. There is choir practice every night in the week except Friday. There are church committee meetings and church social functions held there and services for deaf mutes held once a month except during Lent. In this building are also held meetings of the young people of the church, the women's auxiliary and boy scouts. Meetings of the vestry are also probably held in this building. Trinity Church is located at Military Park, at Broad and Rector streets, a block and a half away from the parish house.

The reports and digests are peculiarly barren of judicial definitions of church edifices.

In 11 *C. J.* 763 it is said a church edifice is "a building in which people assemble for the worship of God and for the administration of such offices and services as pertain to that worship." The same definition is to be found in 7 *Cyc.* 130.

In 1 *Bouv. Dict.* 486 a church is defined as "a society of persons who profess the Christian religion. *Den* v. *Bolton*, 12 *N. J. L.* 206, 214; *Stebbins* v. *Jennings* (*Mass.*), 10 *Pick.* 193; *German Reformed Church* v. *Seibert*, 3 *Pa.* 282; *St. John's Church* v. *Hanns*, 31 *Pa.* 9. The place where such persons regularly assemble for worship. *Blair* v. *Odin*, 3 *Tex.* 288."

In 37 *Cyc.* 943 the phrase "place of public worship" in the statutes exempting church property is construed as meaning a house or building which is actually and exclusively used for the holding of reilgious services or one which is principally so used, where any other uses to which it may be put are either related· to the religious or charitable work of the congregation or else are only incidental or occasional and not a source of revenue. And therein it is further said: "3. It is well settled that a rectory or parsonage built and owned by a religious society is not exempt from taxation as a 'place of public worship' unless such rectory or parsonage is used for no other purpose than as a residence for the priest or minister, who occupies it rent free, and although it is situate on the same lot as the church, nor is it exempt because of the fact that occasional religious services are held there or that a room or a part of it is set aside as a chapel, or that it is also used for meetings of the vestry and associations connected with the church or that other acts connected with the work of the church such as the hearing of confessions, performing of marriage ceremonies, &c., are sometimes performed there." Citing amongst other cases from other jurisdictions. *State* v. *Axtell*, 41 *N. J. L.* 117; *State* v. *Krollman*, 38 *N. J. L.* 323; *State* v. *Lyon*, 32 *N. J. L.* 360.

We conclude therefore that ,from nothing in the proofs before us does the Trinity Parish House come within the

legally accepted definition of a church as referred to by section 6a of the amendment to the zoning ordinance. Nor do we find anything which brings it within such ordinance under the designation of "2. A duly organized school giving regular instructions at least five days a week for eight or more months a year."

Turning finally to the prosecutor itself, does it come within the designation in such ordinance: "5. A theatre or opera house or other building used or intended to be used for theatrical or operatic purposes or for public entertainment."

The contention of the prosecutor is that it is a place used "for public entertainment."

This is an organization of about four thousand members where, aside from the usual social club activities, boxing bouts are held, attracting four hundred to five hundred persons, for which there is an admission charge of $1.10 and $2.20. Under the rules of the club guests are required to be accompanied by members, but in practice it is found that this is not strictly observed, but that members purchase tickets and give them away. There are also swimming and bowling and basketball contests and dances held which other than members may attend if, under the rules of the club, they are attended by members.

This rule seems to be more breached than observed.

The club holds no license from the city of Newark as a place of public amusement.

We conclude that it is not a place of public amusement under section 6a amending the zoning ordinance.

We further conclude that whatever may have been the legal duty or requirement of the board of adjustment to take proofs and base its judgment thereon its judgment in the absence thereof being right should not be reversed.

The judgment under review is affirmed and the writ of *certiorari* discharged, with costs.