IRENE GOETTE AND ANOTHER v. HENRIETTA M. HOWE.[1]

November 10, 1950.

No. 35,279.

*Charles W. Sterling, Julius E. Kubier,* and *Richard Converse,* for appellant.

*Louis Sachs* and *James S. Niman,* for respondents.

MATSON, JUSTICE.

Appeal from a judgment which in effect awards plaintiffs specific performance of an oral contract with their father for the conveyance to them of his homestead—in consideration of personal services and care—and which further decrees the cancellation of certain quitclaim deeds whereby their father—in disregard of such oral contract—thereafter placed the property in joint tenancy with defendant, his second wife, who survived him.

Several years prior to 1927, the father, Frederick C. Howe, became the owner in fee of a house and lot in the city of St. Paul

which he occupied as a homestead together with his first wife, Mary A. Howe, and their two sons and three daughters. In 1927 the mother was in ill health and in need of personal care. Irene M. Goette, one of the daughters and one of the plaintiffs herein, who was then married and established in a home of her own, thereupon moved to the dwelling of her parents to care for her mother and to do the housework. Ten years later, Irene's father also reached the age when he required her personal care. In 1937, after a consultation between the aging parents and all the children, it was agreed that the family residence, together with all personal property of the parents, should, upon the death of the parents, to the exclusion of their sons, become the sole property of the three daughters, Irene Goette, Marion Jacobson, and Susan Coe, for and in consideration of the services already performed by Irene and in further consideration of services to be rendered by the daughters in ministering to the needs of the parents as long as they and the survivor of them should live. In 1938 Marion, who was then a widow, also moved to the family home to assist with the care of her parents. In order to implement the oral agreement with the daughters, the parents in January 1939 executed written instruments placing the family home and their personal property in joint tenancy with each other. In addition, each parent also made a purported will leaving his or her property to the three daughters. Pursuant to this oral contract, both Irene and Marion, plaintiffs herein, continued to reside in the family home to do the housework and to give their parents personal care. In March 1940 the mother died.

On August 29, 1942, the defendant, Henrietta, a widow of the age of 62 years, first appeared in the Howe family picture when, unbeknown to plaintiffs, she married their 81-year-old father. Prior to this marriage, defendant, by quitclaim deeds dated February 26 and 27, 1942, placed a small apartment building which she owned in joint tenancy with the father. After the marriage, the father by deeds dated June 21, 1943 (filed for record June 30, 1943), in

disregard of the oral contract with his daughters, placed his homestead property in joint tenancy with Henrietta. Upon the death of the father on September 27, 1948, Henrietta claimed title to the homestead property as the surviving joint tenant. Plaintiffs, in reliance upon the oral contract, asserted that they and their sister, Susan, were the owners, and brought this action for specific performance and for the cancellation of the deeds under which defendant became a surviving joint tenant.

At no time after their marriage did defendant and plaintiffs' father ever reside together in the homestead dwelling. In fact, they never lived together elsewhere except for some brief and unimportant visit with each other. In other words, the father's residence in his family home, first with his daughter Irene and later with both Irene and his daughter Marion, was continuous from 1927 until his death in 1948. It may be noted that the evidence indicates that the daughters discouraged the presence in the family home of their father's second wife.

Issues arise with respect to:

(1)   The statute of frauds;

(2) ` Plaintiffs' right to specific performance; and

(3)   As to whether defendant is a bona fide purchaser.

We have no dispute as to the existence of the oral contract or as to plaintiffs' performance of certain services thereunder.

■   An oral contract to devise real estate is within the statute of frauds (M. S. A. 513.04) and is void unless removed from its purview by sufficient *part performance of a nature entitling plaintiffs to specific performance*. Matheson v. Gullickson, 222 Minn. 369, 24 N. W. (2d) 704; M. S. A. 513.06; 6 Dunnell, Dig. & Supp. § 10207; see, In re Estate of Hallock, 221 Minn. 30, 20 N. W. (2d) 884; 30 Minn. L. Rev. 208.[2]

---

[2]As to implications of term "part performance," see Veum v. Sheeran, 95 Minn. 315, 319, 104 N. W. 135, 136; Trebesch v. Trebesch, 130 Minn. 368, 371, 153 N. W. 754, 755; 31 Minn. L. Rev. 497-499.

■ In the light of the foregoing principle, we must ascertain if the services performed by plaintiffs are of a nature which justifies specific performance. It is well settled in this jurisdiction that specific performance of an oral contract to devise land will be granted where the promisee, pursuant to such contract, has assumed a peculiarly personal and domestic relation as a member of the family of the promisor and has given to him the society and services incident to such relation and of a kind and character, the value of which is not measurable in money. It is otherwise where the services are not of such peculiar character and which can be reasonably compensated for in money. See, Matheson v. Gullickson, 222 Minn. 369, 24 N. W. (2d) 704, and authorities there cited.

Although the governing principles are well established, their application is difficult and involves a careful consideration of the total effect of the combination of facts and circumstances peculiar to each case.[3] Applying these principles to the instant case, we find that the services of plaintiffs were of a kind and character to justify specific performance. Unselfishly giving up a home of her own and personal prospects in life, Irene Goette and her family moved to her parents' home in 1927 and remained there with her parents until they died. Marion Jacobson came to live with her parents in 1938 and assisted Irene. Throughout the years, plaintiffs furnished their parents companionship, affection, and all services necessary for their comfort and convenience, services not subject to pecuniary valuation.[4]

We find no inequities as a basis for refusing specific performance. There is no evidence that the contract was induced by any sharp practice, misrepresentation, or mistake. The consideration was adequate, and the terms generally were fair. Furthermore, its enforcement will not cause unreasonable or *disproportionate*

[3] Cases involving different factual combinations are distinguished in Matheson v. Gullickson, 222 Minn. 369, 375, 24 N. W. (2d) 704, 708.

[4] We need not consider the significance of Susan's failure to render services to her parents, in that no point thereof has been made by appellant.

*hardship or loss* to defendant or to third persons. (See, Matheson v. Gullickson, *supra;* Restatement, Contracts § 367.) Irene and Marion performed personal services for 21 and 10 years respectively and gave up their normal prospects in life.

■ Although specific performance of a contract relating to personal property ordinarily will not be granted, if the contract includes both real estate and personalty, the jurisdiction to grant specific performance as to the real estate carries with it the right to give specific performance of the contract as a whole, inclusive of the clause relating to the personal property. Herman v. Kelehan, 212 Minn. 349, 3 N. W. (2d) 587; see, 49 Am. Jur., Specific Performance, §§ 125, 126.

■ Aside from the foregoing considerations, defendant contends that she is a bona fide purchaser and that as such her legal title as a surviving joint tenant must prevail over the prior unrecorded equities of plaintiffs. If in acquiring the legal title she was not a bona fide purchaser, she was properly joined and subject to the action for specific performance. Colby v. Street, 146 Minn. 290, 178 N. W. 599; Newton v. Newton, 46 Minn. 33, 48 N. W. 450. The defense of being a bona fide purchaser is an affirmative one which must be pleaded unless the fact appears in the complaint. 2 Pirsig, Minn. Pl. (3 ed.) § 1562. As one of the essential elements thereof, absence of notice must be pleaded fully through positive denial or averment. Newton v. Newton, *supra.* It is well settled in this jurisdiction that if defendant, as the purchaser of the legal title, wishes to avail himself of the protection of the rule in favor of a bona fide purchaser, he must not only raise the issue positively by explicit and appropriate pleadings, but he must also bear the affirmative burden of proving the concurrence and coexistence of all the following elements: (1) Payment of a valuable consideration; (2) good faith, without purpose to take an unfair advantage of third persons; and (3) absence of notice, actual or constructive, of the outstanding rights of others. If any of these elements is lacking defendant's proof fails. Berg-

strom v. Johnson, 111 Minn. 247, 126 N. W. 899; Newton v. Newton, 46 Minn. 33, 48 N. W. 450; see, 6 Dunnell, Dig. § 10070. In the instant case, we need consider only the third element. *Absence of notice* was neither specifically denied nor positively averred or in any other manner raised by the pleadings. Its status as an issue could not be acquired by presumption, mere implication, or interpretation of evasive language. Newton v. Newton, 46 Minn. 33, 48 N. W. 450. As an affirmative defense, absence of notice must be asserted in unmistakably forthright language. In the instant case the issue was not litigated by consent. Also no evidence was introduced from any source which would support defendant's affirmative burden of proof in establishing absence of notice. Under the circumstances, it becomes unnecessary to consider the application of M. S. A. 519.06, which specifically provides that in all cases where the rights of creditors or purchasers in good faith come in question each spouse shall be held to have notice of the contracts and debts of the other as fully as if a party thereto. Clearly, defendant has failed in affirmatively proving that she was a bona fide purchaser for value. Fritz v. Ramspott, 76 Minn. 489, 79 N. W. 520.

The judgment is affirmed.

Affirmed.