CALVARY BAPTIST CHURCH, A CORPORATION, APPELLANT, V.
TAL COONRAD ET AL., APPELLEES.

77 N. W. 2d 821

Filed June 29, 1956. No. 33960.

*Viren, Emmert & Hilmes* and *G. M. Gunderson,* for appellant.

*Clarence S. Beck,* Attorney General, *Homer G. Hamilton, John H. Binning,* and *Chambers, Holland, Groth, Dudgeon & Hastings,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Calvary Baptist Church, a corporation, brought this action against defendants, Nebraska Liquor Control Commission, its named members, Francis J. Willy and John R. McCormack, doing business as Willy Drug, and Willy Drug, seeking to obtain a declaratory judgment interpreting and applying part of section 53-177, R. R. S. 1943. For brevity, the Nebraska Liquor Control Commission and its members will hereinafter be designated as the commission, and all other defendants as Willy Drug.

The purpose of the action was to determine: (1) Whether, as contended by plaintiff, the measurement required by such section with relation to the issue of a license to sell alcoholic liquors at retail should be made by measuring in a straight line between the nearest lot line of real property belonging to plaintiff and the nearest lot line of real property occupied by Willy Drug where an off-sale package beer and liquor license had been issued to it; or (2) whether, as contended by defendants, such measurement should be made in a straight

line between the nearest wall of plaintiff's church building and the nearest wall of the building occupied by Willy Drug, as construed and applied by the commission. Plaintiff prayed for cancellation of defendant Willy Drug's license if the first above-cited formula were found to be correct, and for equitable relief.

Defendant commission and its members answered plaintiff's petition, denying generally, and after admitting that they had issued such a license to Willy Drug, they then alleged that it was in conformity with action taken in prior comparable cases, and denied that such action was in violation of section 53-177, R. R. S. 1943. They prayed for dismissal of plaintiff's action and equitable relief. All other defendants filed comparable answers and prayed for like relief. Plaintiff's reply was in the nature of a general denial.

After a hearing on the merits, whereat evidence was adduced by the parties, the trial court rendered judgment finding and adjudging the issues generally in favor of defendants and against plaintiff, whose action was dismissed at plaintiff's costs. Thereafter, plaintiff's motion for new trial was overruled, and it appealed, assigning that the judgment was not supported by the law and evidence, and that the trial court erred in excluding certain offered evidence. We conclude that the assignments should not be sustained.

The relevant part of section 53-177, R. R. S. 1943, here involved, was originally enacted by Laws 1935, c. 116, § 35, p. 399. Such section was subsequently amended by Laws 1947, c. 189, § 2, p. 626, without in any manner or form changing or amending the provisions here involved, which state that: "No license shall be issued for the sale at retail of any alcoholic liquor within one hundred and fifty feet of any *church* * * *. No alcoholic liquor, other than beer, shall be sold for consumption on the premises within three hundred feet from the *campus* of any college or university in the state." (Italics supplied.)

The relevant and material evidence is not in dispute. Summarized, it is as follows: The Willy Drug store was formerly located on the northwest corner of Fortieth and Cuming Streets in Omaha, where it had an off-sale package beer and liquor license. There Cuming Street was subsequently divided by making it a radial highway, and Willy Drug was forced to relocate. It then obtained the right to occupy the southeast corner of Fortieth and Cuming Streets, and moved into a building there known as 3923 Cuming Street, located at the west end of the block on the north and west portion of Lot 6, where Willy Drug was issued a permissive change of address for its off-sale package beer and liquor license.

Plaintiff's church, known as 3903 Cuming Street, and fronting north thereon, is located partly on Lot 1 and partly on Lot 2. Such church is located on the southwest corner of Thirty-ninth and Cuming Streets at the east end of the same block in which Willy Drug is located. Plaintiff also owned Lot 3. Its east line is 14 feet from the west wall of plaintiff's church building. Adjacent to Lot 3 on the west is the Blackburn Pharmacy property and its building. Extending on west of Blackburn Pharmacy, hereinafter called Blackburn, there are four business establishments between it and Willy Drug, which left five business establishments, a parking lot, and plaintiff's lawn between Willy Drug and the west wall of plaintiff's church building.

In that connection, on January 1, 1946, plaintiff had leased the west 40 feet of Lot 3 to Blackburn as a parking lot for the use of its customers, with a right of plaintiff's church attendants and others to use same. Thereafter, on April 30, 1955, well knowing that this case would be tried on the merits May 4, 1955, plaintiff and Blackburn cancelled such lease by written agreement purportedly in order to give plaintiff control of the parking lot, but at time of trial there never had in fact been any change in the use of it. Such parking lot had

been graded and black-topped at the expense of Blackburn. There was a fence and hedge running north and south on Lot 3 at the east line of the parking lot just 24 feet west of the west wall of plaintiff's church, which entirely separated the parking lot from the church and its lawn.

Concededly, in that situation it was 210 feet in a straight line from the nearest east wall of Willy Drug to the nearest west wall of plaintiff's church. It was 196 feet in a straight line from the nearest east wall of Willy Drug to the nearest west line of Lot 2, one of the lots upon which plaintiff's church was located. It was 186 feet in a straight line from the nearest east wall of Willy Drug to the fence and hedge marking the east edge of the parking lot on Lot 3, between Blackburn and plaintiff's church. It was also 146 feet in a straight line from the nearest east wall of Willy Drug to the nearest west line of such parking lot owned by plaintiff and leased to or used by Blackburn, its customers, and others. In such a situation, plaintiff contended that Willy Drug was less than 150 feet from plaintiff's church. We do not agree.

The answer depends upon the plain, ordinary, and popular meaning of the word "church" in order to determine whether the measurement required by section 53-177, R. R. S. 1943, should be made by a straight line between the nearest east wall of Willy Drug and the nearest west line of Lot 3 owned by plaintiff, or by a straight line between the nearest east wall of Willy Drug and the nearest west wall of plaintiff's church building. We conclude that the measurement required by such section was the latter and not the former.

In doing so, we conclude that section 53-177, R. R. S. 1943, insofar as here involved, is not ambiguous. In Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409, we reaffirmed that: "If a statute is unambiguous courts will not by interpretation or construction usurp the function of the lawmaking body and give it a

meaning not intended or expressed by the Legislature.

"A statute is not available for construction as a matter of course. If it is unambiguous there is no room for construction and courts may not search for its meaning beyond the statute itself.

"In the consideration and application of a statute effect should be given, if possible, to all its several parts and nothing should be avoided. The subject of 'the enactment and the language thereof in its plain, ordinary, and popular sense should be considered to determine the legislative will.

"It is the duty of the court, so far as practicable, to give effect to the entire language of a statute and to reconcile the different provisions of it so that they are consistent, harmonious, and sensible.

"The maxim, expressio unius est exclusio alterius, means that where a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned, unless the Legislature has plainly indicated a contrary purpose or intention."

In Allen v. Tobin, 155 Neb. 212, 51 N. W. 2d 338, we concluded that section 53-1,118, R. R. S. 1943, provided for a liberal construction of the Liquor Control Act. However, bearing that in mind, such case also held that: "The fundamental principle of statutory construction is to ascertain the intent of the Legislature, and to discover that intent from the language of the act itself, and it is not the court's duty nor within its province to read a meaning into a statute that is not warranted by legislative language." See, also, Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622.

The plain, ordinary, and popular meaning of the word "church" has often been authoritatively stated without equivocation. In such respect, Webster's New International Dictionary (2d ed.), Unabridged, p. 482, defines "church" as: "A building set apart for public worship * * *. A house of worship for a parish * * *. A house of

worship for members of the established (or formerly established) church * * *. A place of worship of any religion * * *."

As stated in Black's Law Dictionary (3d ed.), p. 325, citing numerous authorities: "The term may denote * * * the building in which such persons habitually assemble for public worship."

14 C. J. S., Church, p. 1116, defines "church" as: "Used in its primary and more general meaning, as expressive of a building or place, the term may be defined as an edifice or place of assemblage for * * * worship, a temple or building consecrated to * * * worship or to the honor of God and religion; or the place where persons regularly assemble for worship. * * * In what may be called its secondary or derived sense, it refers to a religious association, organization, or society, * * *." See, also, 76 C. J. S., Religious Societies, § 1, p. 735; 45 Am. Jur., Religious Societies, § 2, p. 723.

In Presbyterian Church v. Allison, 10 Pa. 413, it is said: "All churches are spoken of in common parlance as buildings." See, also, In re Rupp, 55 Misc. 313, 106 N. Y. S. 483.

In Stubbs v. Texas Liquor Control Board (Tex. Civ. App.), 166 S. W. 2d 178, citing Hallum v. Texas Liquor Control Board (Tex. Civ. App.), 166 S. W. 2d 175, it is said: "A church is a place where persons regularly assemble for worship * * *."

Newark Athletic Club v. Board of Adjustment, 7 N. J. Misc. 55, 144 A. 167, citing authorities and quoting therefrom, defines a "church" as: "* * * 'a building in which people assemble for the worship of God and for the administration of such offices and services as pertain to that worship.' * * * The place where such persons regularly assemble for worship."

In Wiggins v. Young, 206 Ga. 440, 57 S. E. 2d 486, 13 A. L. R. 2d 1237, it is said: "A church is a building consecrated to the honor of God and religion, with its

members united in the profession of the same * * * faith."

Matter of Zinzow, 18 Misc. 653, 43 N. Y. S. 714, citing and quoting from authorities, defines a "church" as: "* * * 'a building consecrated to the honor of God and Religion. * * * the place where such persons regularly assemble for worship.' "

It is clearly apparent that the Legislature of this state had such definitions in mind when it enacted section 53-177, R. R. S. 1943. Thus, by analogy and in order to give certainty to such situations, the distance between a "church" as above defined, and a building wherein it is proposed to sell intoxicating liquor, should be determined, as was done by the commission in the case at bar and other comparable situations, by measuring in a straight line from the nearest walls of the two buildings. In re the Liquor Locations, 13 R. I. 733. The last sentence of section 53-177, R. R. S. 1943, supports that conclusion, by including therein the campus of any college or university in this state as distinguished from their buildings.

To hold otherwise would require this court to act legislatively and read into the statute involved the words "premises or property" after the word "church," something not found in the statute, or give it a meaning not warranted by the plain language used in the statute. Authorities cited and relied on by plaintiff are generally distinguishable upon the basis of the particular statutes or facts involved. To discuss them at length here would serve no useful purpose.

Plaintiff also contended that the trial court erred in excluding evidence offered by it to the effect that some whiskey bottles had been found in the church yard; that some beer cans and whiskey bottles had been found on the parking lot west of the church; and that some persons who parked in the parking lot drank intoxicating liquor and used offensive language while there. In that respect, no attempt whatever was made to connect such circumstances and incidents with the operation of Willy

Drug, when admittedly there were other retail outlets for package beer and liquor within five or six blocks of the premises in question. Moreover, if plaintiff now has exclusive control of the parking lot, it can readily exclude all such persons therefrom. In any event, such evidence could not have been of any assistance to the court in determining the meaning and application of the unambiguous statute. Plaintiff's contention has no merit.

For reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed. All costs are taxed to plaintiff.

AFFIRMED.