CHICAGO & NORTH WESTERN RAILWAY COMPANY, A CORPORATION, APPELLANT, V. CITY OF SEWARD, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

90 N. W. 2d 282

Filed May 23, 1958. No. 34297.

*Neely, Otis & Neely,* for appellant.

*Paul H. Bek* and *Ivan A. Blevens,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

It is apparent, from reading appellant's motion for rehearing, that it fails to understand why we refused to allow its request for refund, made under and pursuant to section 77-1735, R. R. S. 1943, after holding, as we did, that the city of Seward should have assessed all, not half, of the cost of improving and paving the four "T" intersections in Improvement District No. 60 upon all of the taxable property of the city. In view of that fact we think a further statement of our reasons for doing so is desirable.

There are two basic principles which should be kept in mind in relation thereto:

First, special assessments on property in improvement districts of cities of the second class, which would include Improvement District No. 60, are made and levied on the basis of special benefits accruing thereto as a result of the improvement and not on the basis of the cost of the improvement made immediately in front of such property. See, §§ 17-509, 17-510, 17-511, 17-524, R. R. S. 1943, and authorities cited in the opinion.

Second, all property in such an improvement district which either abuts on or is adjacent to the improvement made is liable for benefits accruing thereto by reason of the improvement made unless it is properly exempted therefrom by the Legislature. See, §§ 17-509, 17-510, 17-511, 17-519, R. R. S. 1943. As stated in section 17-511, R. R. S. 1943: "* * * the governing body * * * shall levy assessments on the lots and parcels of land abutting on or adjacent to such street, streets, alley or alleys especially benefited thereby in such district in proportion to such benefits, to pay the cost of such improvement." Here all of the property of appellant, including that on top or to the west of the four "T" intersections, was within Improvement District

No. 60 and either abutted on or was adjacent to Tenth Street, which was the street improved, and none of it was exempted by the Legislature from being taxed for special benefits accruing thereto by reason of the improvement made.

After that part of Tenth Street, which was within Improvement District No. 60, had been improved appellee determined that the property of appellant within the district, all of which either abutted on or was adjacent to that part of Tenth Street which had been improved, was specially benefited thereby to the extent of $8,692.35. It thereupon proceeded to levy special assessments against appellant's property in that amount. It did this by levying special assessments thereon at the rate of $7.645 per lineal front foot on each of appellant's 1,137 feet abutting on Tenth Street, which included the 80 feet fronting on top of each of the four "T" intersections. It is the special assessments levied on each of these four 80-foot tracts, or a total of $2,446.40, which appellant herein seeks to have refunded. Since these tracts abut on and are adjacent to that part of Tenth Street which was improved there is no basis for a refund thereof as appellee had authority to determine the extent of the benefits that accrued thereto by reason of the improvements made and to levy a special assessment therefor.

What did happen is that appellee improperly included in the total costs of the improvements made, which could properly be charged in the form of special benefits to all the real estate in the district chargeable therewith, the cost of the west half of each of these four "T" intersections. The requirement of the statute that the cost of paving intersections be paid by the city is an exclusion of the cost of improving the intersection as a charge against the property in the paving district, and not an exclusion of any abutting property from the assessment of benefits. Consequently the owners of all of the property in the district which was taxed for spe-

cial benefits accruing thereto had cause for complaint, for the benefits accruing thereto must be proportionately fixed to pay the cost of such improvement properly chargeable thereto. But that was not the basis upon which the claim was made and not one which the pleadings and evidence will support.

With this additional explanation we overrule appellant's motion for rehearing.

MOTION FOR REHEARING OVERRULED.