LEONARD HUSBYN v. BERNELL LUNDE, ADMINISTRATOR OF ESTATE OF BEATRICE L. BECKSTROM, AND OTHERS.

166 N. W. (2d) 333.

March 14, 1969—No. 41287.

*Rockne & Rockne* and *David A. Rockne,* for appellants.
*Francis H. Watson,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

The district court granted specific performance of an oral contract to make a will, and defendants appeal. The sole question presented for review is whether the evidence supports the finding by the trial court that the decedent, Beatrice L. Beckstrom, orally agreed during her lifetime to leave all of her property upon her death to plaintiff in return for plaintiff's remaining on Mrs. Beckstrom's farm and doing all of the general farm work for the rest of her life without any compensation apart from his board and room.

Plaintiff, a bachelor whose only living relative was an adopted sister and who was 64 years of age when decedent died, began living and working on the Beckstrom farm several years before Mr. Beckstrom's death in March 1952. Thereafter, he continued to live in Mrs. Beckstrom's home on the farm and performed all of the ordinary, general farm work. For several years prior to her death, Mrs. Beckstrom's health deteriorated and she was periodically incapacitated. During that time plaintiff took her to church when she was able to go, prepared her meals, did the housework, and rendered nursing services, receiving in

return only his board and room. Her relatives paid her only infrequent visits during this time.

Mrs. Beckstrom died on March 8, 1966, leaving no surviving issue and an estate consisting of a 44-acre farm valued at $13,200 and personal property with an appraised value of $4,790.72. No will was found or offered for probate. However, 2 or 3 hours after decedent's death, her two sisters and her brother, and her brother's wife, who are named defendants in this action, came to the farm home and removed some papers from her dresser drawer.

Plaintiff then brought suit against the above-named defendants, the administrator of decedent's estate, and her other heirs-at-law seeking specific performance of an alleged oral agreement between himself and decedent whereby she promised to leave him all of her property in return for his continued presence and work on the farm until her death.

At trial, defendants invoked the Dead Man's Statute, Minn. St. 595.04, preventing plaintiff from testifying concerning any conversations with decedent. Plaintiff did, however, testify concerning the details of his 14 years of faithful service on the farm after Mr. Beckstrom's death and about the removal of the papers, the contents of which were unknown to him, from decedent's dresser drawer. He also called three witnesses unrelated to the parties, all of whose testimony provided a basis upon which the court could reasonably conclude that the decedent had told them during her lifetime that after her death none of her relatives would receive anything from her estate and that all of her property was to belong to plaintiff. Defendants neither cross-examined the three witnesses nor offered any testimony to explain the nature or contents of the papers removed from decedent's dresser or in opposition to plaintiff's proof.

At the close of plaintiff's case, the trial court denied defendants' motion for dismissal and subsequently made findings that the claimed agreement had been made and performed by plaintiff, entitling him to specific performance. Defendants appeal, urging dismissal because, they insist, plaintiff as a matter of law did not introduce sufficient evidence to establish the existence of an agreement.

It is clear in this state that a person may orally contract to will his property to another at his death. Alsdorf v. Svoboda, 239 Minn. 1, 57

N. W. (2d) 824; In re Estate of LeBorius, 224 Minn. 203, 28 N. W. (2d) 157. Whether such an agreement exists is a question of fact for the trial court. Alsdorf v. Svoboda, *supra*; Seitz v. Sitze, 215 Minn. 452, 10 N. W. (2d) 426. It is only where the finding of the trial court is manifestly and palpably contrary to the evidence that we would be justified in reversing it. Alsdorf v. Svoboda, *supra*; In re Estate of LeBorius, *supra*; Shaughnessy v. Eidsmo, 222 Minn. 141, 23 N. W. (2d) 362, 166 A. L. R. 435.

It is well settled that—

"To warrant specific performance of an oral contract to give real property by will, the contract (a) must be established by clear, positive, and convincing evidence; (b) it must have been made for an adequate consideration and upon terms which are otherwise fair and reasonable; (c) it must have been induced without sharp practice, misrepresentation, or mistake; (d) its enforcement must not cause unreasonable or disproportionate hardship or loss to the defendants or to third persons; and (e) it must have been performed in such a manner and by the rendering of services of such a nature or under such circumstances that the beneficiary cannot be properly compensated in damages."[1] Ehmke v. Hill, 236 Minn. 60, 69, 51 N. W. (2d) 811, 817.

Defendants argue only that plaintiff failed to establish the existence of the agreement by "clear, positive, and convincing evidence." Clearly, as defendants impliedly concede, there is sufficient evidence to conclude, as the trial court did, that plaintiff's proof meets the other four elements required for specific performance of an oral contract to give property by will.

Upon the record submitted, we are constrained to conclude that the

---

[1] "Ordinarily specific performance of a contract relating to personal property will not be granted. If, however, the contract includes both real and personal property [as in this case], the jurisdiction of the court to grant specific performance as to the real estate carries with it the right to grant specific performance of the contract as a whole, including the provision relating to the personal property." Alsdorf v. Svoboda, 239 Minn. 1, 8, 57 N. W. (2d) 824, 829. See, Goette v. Howe, 232 Minn. 168, 44 N. W. (2d) 734; Herman v. Kelehan, 212 Minn. 349, 3 N. W. (2d) 587.

uncontradicted circumstantial evidence, together with the inference adverse to defendants' contention which the trial court was permitted to draw from defendants' failure to explain the nature or contents of the papers removed after decedent's death,[2] is sufficient to justify the findings made and the relief granted.

Affirmed.

---

[2] See, Connolly v. The Nicollet Hotel, 258 Minn. 405, 104 N. W. (2d) 721.