STATE OF NEBRASKA, APPELLEE, v. RAYMOND LEE SABIN, APPELLANT.

172 N. W. 2d 89

Filed November 21, 1969. No. 37219.

Padley & Dudden, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The question involved in this case requires an interpretation of the over-width provisions of the Nebraska motor vehicle law contained in section 39-719, R. R.

S. 1943. The district court decided that the "unbaled livestock forage" exception, section 39-719(5), R. R. S. 1943, to the 8-foot statutory vehicle width limit applied to the load only and not to the vehicle. We affirm the judgment of the district court.

The facts are not in dispute. On January 5, 1968, appellant was arrested for operating a motor vehicle on the public highways in violation of the over-width provisions of section 39-719, R. R. S. 1943. Appellant was approximately 1 mile south of Gothenburg, Dawson County, Nebraska, and was enroute from G. & M. Mann Hay Company to a farm 5 miles south and ¾ of a mile east of Gothenburg. He was to pick up a load of hay at this location and return to his place of employment. The vehicle the appellant was driving had been modified by its owner, the G. & M. Mann Hay Company, for the purpose of hauling loose hay. The truck bed protruded beyond both sides of the cab of the truck and measured 13 feet 9 inches between the extreme outside edges. It is clear that there was no intent at the time of the arrest to use the vehicle for any purpose other than the hauling of hay.

The statute says that: "No vehicle shall exceed a total outside width, *including any load thereon,* of eight feet except that such prohibition shall not apply to * * * (5) unbaled livestock forage within the county or adjacent counties not to exceed twenty feet in total width; * * *." (Emphasis supplied.) § 39-719, R. R. S. 1943.

The precise issue here is whether any vehicle used to haul a load of "unbaled livestock forage" 20 feet in width can exceed 8 feet in width while the vehicle is being moved empty to a point of loading. In other words, does the exception apply only to the load or does it include the width of the vehicle also? Appellant argues that the exception applies to the vehicle and that a reasonable interpretation authorizes the use of a vehicle of such width as will carry a maximum allowable load limit; and asks

us to answer the proposition that a load of loose hay 20 feet in width cannot be hauled on a vehicle which is merely 8 feet in width.

As authority for our judicial exploration of the wisdom and reasonableness of his argument he invokes a standard tool or rule of statutory construction that this court should give effect to the intent or purpose of the Legislature, and in so doing, this court should look to the object to be accomplished and the evils and mischief sought to be remedied, and place upon the statute a construction that will best effectuate its purpose. State v. Simants, 182 Neb. 491, 155 N. W. 2d 788 (1968); State ex rel. Retchless v. Cook, 181 Neb. 863, 152 N. W. 2d 23 (1967); Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N. W. 2d 592 (1967); 82 C. J. S., Statutes, § 323, p. 593. But the limitations on the use of this tool of statutory construction are well settled. It is not an imperative demand authorizing at all times judicial exploration of the wisdom or policy considerations motivating the enactment of a statute. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning, and this court cannot read a meaning into a statute which is unrelated by legislative language, nor can it read plain, direct, and unambiguous language out of a statute. State v. Levell, 181 Neb. 401, 149 N. W. 2d 46 (1967); Schmeckpeper v. Panhandle Coop. Assn., 180 Neb. 352, 143 N. W. 2d 113 (1966); Rehkoph v. Board of Equalization, 180 Neb. 90, 141 N. W. 2d 462 (1966); Chicago & N. W. Ry. Co. v. City of Seward, 166 Neb. 123, 88 N. W. 2d 175 (1958), rehearing denied, 166 Neb. 662, 90 N. W. 2d 282 (1958). If a statute is unambiguous, this court will not usurp the function of a lawmaking body to give meaning to a statute not intended or expressed by the Legislature. Ludwig v. Board of County Commissioners, 170 Neb. 600, 103 N. W. 2d 838 (1960); Fugate v. Ronin, 167 Neb. 70, 91 N. W. 2d 240 (1958); Cavalry Baptist Church v. Coonrad, 163 Neb. 25, 77 N. W. 2d 821 (1956).

The statute involved in the case at bar is totally devoid of ambiguity. It does ont apply the width limitation to any *vehicle* used for hauling livestock forage. It merely provides that the prohibition, that any vehicle *including any load thereon* cannot exceed 8 feet in width, shall not apply when that load is unbaled livestock forage. Appellant's interpretation of the statute would require us to totally ignore this unequivocal language.

Nor may we permit an ingenious process of semantical word construction to create an ambiguity. The respective statutory classifications of "a vehicle" and *"a vehicle including any load thereon"* seem to us to be clear, and the finding of an ambiguity is not required simply because hindsight examination of the grammar of the statute could lead us to a more apt statement. If appellant's interpretation of section 39-719 (5), R. R. S. 1943, were correct then the hay or forage moving vehicular equipment could be 20 feet wide, taking up the traveled portion of most of our state highways. This in turn would require the courts to judicially explore and determine factually whether such a vehicle was being used in moving to or from a hay-loading operation. Certainly it is not the intent of the statute that a truck bed would have to be reconstructed to 8 feet in width when not hauling unbaled forage or hay. Nor are we required or authorized to judicially speculate as to the proportionate width between truck beds and overhanging hay loads. It may be, as appellant suggests, that a 20-foot-wide hay load may not be placed upon an 8-foot-wide truck bed. The point is that the statute expressly authorizes such a load width if it can be accomplished. Further discussion is unnecessary. The statute clearly says that the maximum width limit of a vehicle shall be 8 feet. It permits unbaled forage or hay to be carried as a load thereon up to a limit of 20 feet in width.

The judgment of the district court is correct in its interpretation of the statute and is affirmed.

AFFIRMED.

SPENCER and BOSLAUGH. JJ., dissenting.

Defendant was arrested when he was proceeding to a farm for the purpose of loading a stack of loose alfalfa hay. We are unable to agree with the majority opinion that the words of the statute are plain, direct, and unambiguous, and that no interpretation is needed to ascertain their meaning.

Actually, when the attention of the Senator who proposed the legislation was called to a possibility of conflict in interpretation, he wrote the Attorney General with reference to such interpretation. We quote the following reply to him dated February 28, 1966: "We have your letter of February 25, 1966, with reference to the legality of certain hay moving equipment owned by a Mr. Jim Harmon of Loup City. As we understand the situation, based upon the contents of your letter, Mr. Harmon states that he was advised by officers of the scale section of the Highway Department to the effect that although the law did permit him to transport unbaled hay by means of a vehicle the total outside width of which, including the load thereon, does not exceed twenty feet, that when such vehicle was empty the same could not be operated over public roads if the width thereof exceeded the basic eight foot maximum. That statement does not represent a correct interpretation of the law; and either Mr. Harmon misunderstood the officers, or the officers are misapplying the provisions of Section 39-719, as amended by L.B. 713."

We quote the above merely to suggest that the statute is not as plain and unambiguous as the majority opinion suggests. This being a penal statute, it should be strictly construed. It seems obvious to us that a truck 8 feet in width could not conceivably haul unbaled livestock forage 20 feet in width. The only reasonable construction which can be put upon the statute is that in the excepted instance the truck is not restricted to the 8-foot maximum. The truck herein was 13 feet 9 inches. Legislative Bill 857, which will become effective December 25,

1969, will permit the use of unloaded vehicles 14 feet in width.