*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0639**

Stuart Co., d/b/a Century North Apartments,
Respondent,

vs.

Ciera Ramsey,
Appellant.

**Filed November 10, 2014
Affirmed
Stauber, Judge**

Washington County District Court
File No. 82-CV-14-1094

Christopher Kalla, Hanbery & Turner, P.A., Minneapolis, Minnesota (for respondent)

Lisa Hollingsworth, Southern Minnesota Regional Legal Services, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Cleary, Chief Judge; and Chutich, Judge.

# UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal in an eviction action, appellant-tenant argues that the district court failed to make sufficient findings to support its eviction of appellant from public housing because the district court did not address whether appellant received adequate notice of initiation of the action and similarly did not address whether appellant received adequate notice of the

allegation that she was in material violation of the lease because she failed to pay rent. We affirm.

## FACTS

Appellant Ciera Ramsey rented an apartment from respondent Stuart Co., d/b/a Century North Apartments. In March 2014, respondent commenced an eviction action against appellant alleging that appellant "is still in possession of [the] premises and has failed to pay rent for the month(s) of March 2014 in the amount of $737 per month payable on the 1st day of each month for a total due of $5,231." The eviction complaint was amended on April 1, 2014, to allege that appellant "is still in possession of the . . . premises and has failed to pay rent for the month(s) of March and April 2014 for a total rent owing of $1,474, plus $10 late fees, and court costs in the amount of $372 for a total due of $1,856." The amended eviction complaint also alleged that appellant "owes $3,145 as part of a [Housing Urban Development (HUD)] repayment plan."

A bench trial was held on April 2, 2014, at which appellant disputed the amount owed, but did not dispute that she failed to pay rent for March and April 2014. The district court then found that appellant "admitted . . . the allegations in the [e]viction [a]ction complaint," and entered judgment in favor of respondent, concluding that appellant had "broken the terms of the rental agreement" by failing to pay rent for the months of March and April 2014, and by failing to vacate the property. This appeal followed.

An eviction proceeding is a summary proceeding, Minn. Stat. § 504B.001, subd. 4 (2012), in which the only issue for decision is whether the facts alleged in the complaint are true. *Cimarron Vill. v. Washington*, 659 N.W.2d 811, 817 (Minn. App. 2003); *Fraser v. Fraser*, 642 N.W.2d 34, 40 (Minn. App. 2002). We review a district court's findings of fact for clear error. Minn. R. Civ. P. 52.01; *Cimarron Vill.*, 659 N.W.2d at 817. The district court's findings will not be disturbed on appeal unless they are "manifestly contrary to the weight of the evidence or they are not reasonably supported by the evidence as a whole." *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 726 (Minn. 1985).

Appellant asserts that because she receives federally subsidized housing benefits, she is entitled to written notice of the eviction action that comports with the pertinent federal regulations.[1] Appellant then cited *Oak Glen of Edina v. Brewington*, 642 N.W.2d 481 (Minn. App. 2002), and *Hoglund-Hall v. Kleinschmidt*, 381 N.W.2d 889 (Minn. App. 1986), at oral argument, claiming that because she failed to receive the required notice under the federal regulations, the district court lacked "jurisdiction" to issue the eviction order. But appellant fails to specify the type of jurisdiction at issue. We acknowledge that subject-matter jurisdiction can be raised at any time. *See Cochrane v. Tudor Oaks Condo. Project*, 529 N.W.2d 429, 432 (Minn. App. 1995) ("Because subject-matter jurisdiction goes to the authority of the court to hear a particular class of actions, lack of

---

[1] Appellant concedes that the record does not reflect the type of federally subsidized housing she receives.

subject-matter jurisdiction may be raised at any time, including for the first time on appeal."), *review denied* (Minn. May 31, 1995). But to the extent appellant claims that the lack of notice deprived the district court of subject-matter jurisdiction, *Brewington* and *Hoglund-Hall* do not support the proposition for which they were cited. And to the extent that appellant contends that the district court lacked personal jurisdiction, that claim has been waived because it was not raised below. *See* Minn. R. Civ. P. 12.08(a) (stating that a defense of lack of personal jurisdiction is waived if not raised in a responsive pleading or by motion prior to a responsive pleading). Therefore, appellant has failed to establish that the lack of the required notice under the federal regulations deprived the district court of "jurisdiction."

Appellant also contends that because the district court failed to make the necessary findings that she received the required notice, the case should be remanded for further findings. Again we disagree. Affirmative defenses are waived unless they are specifically pleaded. *Rhee v. Golden Home Builders, Inc.*, 617 N.W.2d 618, 621 (Minn. App. 2000); *Septran, Inc. v. Indep. Sch. Dist. No. 271*, 555 N.W.2d 915, 919 (Minn. App. 1996) ("A reviewing court will generally not consider affirmative defenses not raised in [district] court pleadings and not considered by the [district] court."), *review denied* (Minn. Feb. 26, 1997). Lack of notice is an affirmative defense that must be asserted in "unmistakably forthright language." *Goette v. Howe*, 232 Minn. 168, 174, 44 N.W.2d 734, 738 (1950).

Here, appellant failed to raise the notice requirement before the district court. Instead, appellant simply claimed that she disputed the amount owed. Thus, appellant

4

waived the lack of notice as an affirmative defense. Because appellant failed to raise the notice requirement below, the district court was not required to specifically find that she received the required notice of the eviction proceedings.

Appellant further argues that under the federal regulations, respondent may only terminate her tenancy for material noncompliance with the rental agreement. Appellant argues that because the district court failed to make the necessary findings that she committed material noncompliance with her rental agreement, the case should be remanded.

Appellant's argument is without merit. Appellant failed to alert the district court that she receives federally subsidized housing, and that because she receives federally subsidized housing, her tenancy may only be terminated for material noncompliance with the rental agreement. In fact, the only evidence in the record indicating that appellant received federally subsidized housing was the allegation in the amended eviction complaint that appellant "also owes $3,145 as part of a HUD repayment plan." By not alerting the district court that she receives federally subsidized housing, and by not arguing below that under the federal regulations her tenancy may only be terminated for material noncompliance with the rental agreement, appellant has waived the issue. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that this court will not consider matters not properly raised or argued before the district court). Thus, the district court was not required to specifically find that appellant failed to materially comply with her rental agreement.

We note that appellant appeared pro se in district court, and the record reflects that the district court failed assist appellant in advancing her legal theories. And, in fact, the record shows that the district court was quite abrupt with appellant. We urge district courts to be cognizant of a party's pro se status and to be as helpful as possible under the circumstances.

Nonetheless, because appellant has waived the notice issue and the material noncompliance issue, the only issue before us is whether the district court made the necessary findings supporting the eviction judgment and whether those findings are supported by the record. The amended eviction complaint sought an eviction judgment against appellant because appellant was "still in possession of the . . . premises and has failed to pay rent for the month(s) of March and April 2014." The district court found that appellant breached the terms of the rental agreement and has failed to vacate the property. The district court also found that appellant admitted refusing to pay rent for the months of March and April 2014, and that her "only dispute is how large the default is." The district court's findings are supported by the record. Accordingly, the district court properly granted the eviction judgment in favor of respondent.

**Affirmed.**