GEORGE W. WRIGHT ET AL., PROSECUTORS, v. THE BOARD OF EXCISE OF THE CITY OF ELIZABETH.

Argued February 20, 1907—Decided June 10, 1907.

The words "any new place," as used in the act of March 8th, 1905, regulating the sale of liquors (*Pamph. L.* 1905, *p.* 42), means a place for which a license has not previously been granted upon a direct application. The mere transference of a license to a place leaves it still a "new place" for the purposes of this act.

On *certiorari*.

Before Justices GARRISON, SWAYZE and TRENCHARD

For the prosecutor, *Edward Q. Keasbey.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

GARRISON, J.   This *certiorari* brings up a license to keep an inn and tavern at 201 Spring street, Elizabeth, granted by the board of excise of that city.   The validity of the license is contested upon the ground that 201 Spring street is within two hundred feet of a church edifice.   The writ is prosecuted officially on behalf of this church.

When this question was brought before us on a previous occasion by private prosecutors the testimony adduced by them failed to satisfy us as to the applicability of chapter 21 of the laws of 1905 (*Pamph. L., p.* 42), for reasons that are stated in the opinion filed in that case.   *George* v. *Board of Excise,* 44 *Vroom* 366.

In the present case the testimony entirely establishes the claim of the church represented by the prosecutors to be regarded as a church within the meaning of the statute just cited.   The only question that has seriously arrested our attention is whether, in view of the fact that 201 Spring street was a licensed inn and tavern at the time the present license was applied for and granted, it can be said to be "a new place" in the sense in which that term is employed in the statute. Our conclusion, however, is that it is a new place within the contemplation of that act.   The license that was passed upon in the prior case was one that had been granted for a different locality and was merely transferred to 201 Spring street, hence the application upon which the present license was granted, was the first application for a license for this place, and was the first opportunity afforded the public and the present prosecutor to test the question raised by this writ. In view of the obvious purpose of the statute these considerations, rather than the mere existence of a licensed house, should determine the meaning to be given to the words of the act.

The license brought up by this writ is set aside.