HENRY W. LEEDS, PROSECUTOR, v. ATLANTIC CITY AND
WILLIAM ALTREUTER, RESPONDENTS.

Argued November 5, 1909—Decided March 31, 1911.

The provisions of the act of 1891 (*Pamph. L., p.* 311), relating
to the renewal of licenses to keep an inn or tavern and places to
sell spirituous liquors in cities of the fourth class, upon filing an
application signed by the applicant, applies only to the licensing
of places which had been already licensed when the act of 1891
was approved.

On *certiorari.*

Before Justices REED, BERGEN and MINTURN.

For the prosecutor, *Thompson & Cole.*

For Atlantic City, *Harry Wootton.*

For William Altreuter, *Perry & Stokes.*

The opinion of the court was delivered by

REED, J.   This writ brings up a renewed license to sell
spirituous, vinous and malt and all intoxicating liquors at the
Manhattan Cafe, 134 South Carolina avenue, Atlantic City.

The application for this license was for a renewal of a license
granted June 15th, 1908, upon the recommendation of twelve
resident reputable freeholders.   The license now in question
was granted as a renewal upon the application of the prose-
cutor alone.

The authority relied upon for the right to renew the license
of 1908 is the act of 1891.   *Pamph. L., p.* 311.   This act pro-
vides that "after a license has once been granted to keep an inn
or tavern, or a license to sell ale, beer, wine, or a license to
keep a victualing house with the privilege of retailing spiritu-
ous liquors, that the filing of a petition for a renewal, signed
by the applicant, shall confer power upon the licensing board

to renew the license for one year." This legislation is confined by the act to cities of the fourth class.

The efficacy of this statute as authority for the renewal of the present license is attacked upon several grounds.

One of the grounds of attack is that the act of 1891, by a proviso contained therein, excludes the power of renewal therein granted for license to keep inns and taverns, saloons, victualing houses with power to sell spirituous liquors, in all instances where the licensed place was first licensed after the adoption of the statute.

The body of the statute provides that "hereafter in cities of the fourth class, that after a license has once been granted to keep an inn or tavern, or a license to sell ale, beer and wine, or a license to keep a victualing house with the privilege of retailing spirituous liquors to any person or persons at any place in such license designated according to the terms of the charter of such city as they now exist, it shall not be requisite in order to give the licensing body jurisdiction to grant renewals of such licenses, that a new application recommended by freeholders shall be first signed and presented to such board; that an application by the applicant with a new bond shall confer power upon the board to renew such license for the term of one year."

Then follow two provisos—"*First*, that the freeholders who may have recommended the former application shall not be eligible as signers for any new application for the term of one year from the granting of such renewal; *second*, that this act shall in nowise affect applications for new inns and taverns, or saloons or victualing houses in such cities."

The prosecutor insists that "new places" in the second proviso means all places first licensed since the act of 1891 went into effect.

The respondents insist that the force of the second proviso is to qualify the first proviso, so as to permit the freeholders, who may have recommended the former application, to sign an application for any new inn, saloon or victualing house during the year of the renewal of the license granted on the strength of the former application.

The defendant would read the two provisions together thus: That the freeholders who may have recommended the former application shall not be eligible as signers of any new application for a term of one year from such renewal, except in cases where the new application for a license is for a new place.

The force of the words "this act" would thus mean the force of the former application to restrain the signing of the new application for the second year, and the proviso would read: "Such force given to the former application shall not apply so as to affect applications for new places," meaning affect the right of such freeholders to recommend new places.

If this was the legislative intention, it would have been easily expressed in one proviso by inserting in the first proviso after the words "eligible as signers of any new application," the words, "except applications for new inns," &c.

The construction contended for seems utterly inadmissible. Whatever the proviso may mean, it certainly does not mean this. It is an irrational construction, doing violence to the words and the spirit of the legislation.

Another construction of the proviso, namely, that the second proviso restricts the body of the act from applying to places first·licensed, strips the proviso of any force whatever; because every place must be first licensed upon the recommendation of twelve resident reputable freeholders before the renewal can operate.

There is another possible construction, namely, that in the clause providing that "this act shall in nowise affect applications for new inns," the words "new inns" means inns which have never been licensed; but that after one of these places has once been licensed, it ceased to be a new inn, or saloon, within the meaning of the statute, and so a second, or any subsequent recommendation, is not for a new place, and after a license is granted upon such recommendation, a renewal can be granted, although it was originally licensed since 1891. Under this construction, the only effect of the second proviso would be to require, in case of a new place, two successive recommendations by the freeholders, after which the license can be renewed.

This construction, while not impossible, is an improbable interpretation of the legislation.

The construction which seems the most reasonable, and the most in accord with the language of the second proviso, is that the proviso means that the whole scheme of the act itself should not apply to the licensing of any place not licensed before the approval of the act of 1891. The body of that act was entirely concerned with renewals of licenses without any recommendations by freeholders. When the proviso said, "this act shall in nowise affect applications for new inns," &c., it meant that the whole purpose of the act, the whole provision for renewals, should not apply to any application for a new place. The meaning of the words "new place" must be arrived at by regarding the obvious purpose of the statute in which the words are implied. Thus the place to which a license, granted for another place, had been transferred, was held to be a new place within the meaning of the act of 1905 (*Pamph. L., p.* 42), prohibiting the granting of a license to a new place within two hundred feet of a church. *Wright* v. *Board of Excise,* 46 *Vroom* 28.

In my judgment, the purpose of the present legislation was to exclude from its operation applications for licenses for places not licensed at the date of the approval of the statute. The line drawn was between old inns, namely, inns already licensed, and new inns, namely, inns thereafter to be first licensed.

The place for which the present renewal was granted was first licensed since 1891, and upon the construction arrived at, the power of renewal does not apply to it.

The renewal, therefore, must be vacated.