## SAMUEL PARNES, PROSECUTOR, v. BOARD OF EXCISE COMMISSIONERS OF ELIZABETH ET AL.

Submitted December 7, 1911—Decided February 24, 1912.

1. In order to constitute a place for which a license to sell intoxicating liquors is applied for a "new place" within the meaning of the act of 1906 (*Comp. Stat., p.* 2908, *pl.* 84), it must appear, in cases where the premises had for some years previously been used continuously for such purpose, that there has been a substantial abandonment of the business. *Eckersly* v. *Abbott,* 50 *Vroom* 157, followed.

2. The action of the licensing body in granting a license to sell liquor will not be reviewed in *certiorari* on the ground that the license application was not signed by the requisite number of qualified signers, unless the objection was made before that body and it had proper opportunity to ascertain the facts supporting such objection.

---

On *certiorari.*

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *James P. Kelly.*

For the defendants, *John J. Stamler* and *James C. Connolly.*

The opinion of the court was delivered by

PARKER, J. This writ brings up for review the action of the board of excise commissioners of Elizabeth in granting a saloon license to William Roth and Joseph Deutsch. The grounds on which the license is challenged are two—that the premises are a new place and within two hundred feet of the curtilage of a church edifice, contrary to the provisions of section 11 of the act of 1889, as amended in *Pamph. L.* 1906, *p.* 199; *Comp. Stat., p.* 2908, *pl.* 84; and that the application was not signed by ten freeholders who had not signed another application. *Comp. Stat., p.* 2900, *pl.* 55.

There is no question but that the premises are within the prohibited distance from an edifice called in the testimony the Synagogue Building and occupied and used by a body known as the Congregation Holcha Golcher. Without reviewing the testimony we may say that it satisfactorily appears that such religious services are regularly held in this building as to constitute it a "church edifice" within the meaning of the statute. The question, then, is whether the premises licensed are a "new place" within the meaning of that statute.

It appears that the synagogue was first built about 1905, and was subsequently burned and rebuilt; that the saloon premises were first licensed and used as such about 1903, and therefore antedated the synagogue. The claim that it was a new place at the time the present license was granted must therefore rest on some abandonment or discontinuance of the former use, so that the premises lost their *status* as what is commonly called an "old stand."

The evidence shows that in June, 1908, one Friederich transferred to the above-named Deutsch a license for this place that had been issued in April; that in 1909 Deutsch received an inn and tavern license for the property. In 1910 a renewal was asked by Deutsch's son-in-law, William Roth, and refused. The matter lay over for a year as required by law, and in 1911 Roth and Deutsch applied together for a saloon license, which

was granted and is now in question. Some question was raised as to who was the real owner of the business or whether it was a partnership; but we do not regard the settlement of this point as important. The material facts are that the place was out of business for only a year, and new application was made at the first opportunity; that though it was used for storage purposes in the *interim,* the saloon fixtures were not removed and there was substantially no act indicating an intention to abandon the business.

In *Wright* v. *Board of Excise,* 46 *Vroom* 28, the test that determined the *status* of the premises as a new place was that although the license had been continuous as to the party, it was new as to the premises, having been transferred from another place to one never previously licensed. On the other hand, in *Eckersly* v. *Abbott,* 50 *Id.* 157, an interregnum of a year was held to be ineffective to deprive a place formerly licensed of its *status* as an old place, and a license granted after that interval was upheld. The present case is within the rule of Eckersly *v.* Abbott; and as we have said, the question whether Roth or Deutsch was the real owner before, and which of them, if not both, is the real owner now, is inconsequential in this inquiry.

As to the other point, that there were not ten qualified signers, it suffices to say that assuming the evidence now shows this to be the case, such evidence was not presented to the excise board. The written protest filed with the board does not raise the point; and while the attorney of prosecutor testified that he had appeared before the board and objected generally to the sufficiency of the signers, it is plain that no particular signature was challenged nor was any evidence offered on the question. Consequently, as prosecutor made no attempt to put the board in possession of the facts now claimed to exist, he is not entitled to urge them here. *Smith* v. *Elizabeth,* 17 *Vroom* 312; *Conover* v. *Gregson,* 43 *Id.* 103.

The writ of *certiorari* will be dismissed. *Conover* v. *Gregson,* 44 *Vroom* 596, 598.