LUCKIE, Associate Justice.
This is an appeal from a final decree in a declaratory judgment action by plaintiff below who claims that under the terms of a City of Sarasota ordinance he is entitled to a whiskey license at a place of business whose main entrance is less than 500 feet from the parsonage of the Bethlehem Baptist Church.
Ordinance No. 729 of the City of Sarasota reads in pertinent part as follows:
“No certificate of occupancy shall be issued to any applicant for consumption or sale of liquor as defined under the Laws of Florida, Section ■ 561.01 [F.S.A.], on the premises or off the premises, in zones 1, 2, 3 and 4, as described in the preceding section, if the place of business of the applicant is situated less than 500 feet from an established school or church. In the instance of an established school or church such 500 feet distance shall be measured and computed by following the shortest route of ordinary . pedestrian travel along the public ■ *729 thoroughfare from the main entrance of said place of business to the nearest point of the school or church grounds in use as part of the school or church facilities.” (Emphasis supplied.)
The nearest part of the lot on which the Bethlehem Baptist Church is located is 532.31 feet from the main entrance of appellant’s place of business. But, immediately adjacent to the church and nearer to appellant’s place of business, is the parsonage of the church. The main entrance of appellant’s place of business is located 465.56 feet from the nearest point of the lot on which the parsonage is located and is apparently some 490 feet from the parsonage itself. The lower court held that the parsonage and the lot upon which it stands is a church facility within the meaning of the ordinance and, as the main entrance to appellant’s place of business was within 500 feet of the parsonage and the lot upon which it is situated, appellant was not entitled to a whiskey license at the particular place of business.
The sole question here is whether the parsonage or the lot upon which it is located is a church facility. The facts are undisputed: . the parsonage is owned by the church and is about four feet from the church, but is not physically connected with the church. The parsonage is used two nights each week for meetings by two church organizations. (Other similar meetings are held in other homes.) At these meetings there is Bible discussion, song service and prayer. These are the only religious meetings held in the parsonage, although various members of the congregation call at the parsonage almost daily to speak to the pastor concerning their spiritual needs and problems. The pastor has his study in the church and, apparently, all the administrative and book work of the church is done in the church proper. It is uncontroverted that the parsonage is used primarily as a place of residence for the pastor and his family.
Judged by these facts, is this particular parsonage a church facility ás contemplated by the ordinance ? We think not. We have held that the primary purpose of such an ordinance is. to remove the atmosphere of an establishment where whiskey is sold and consumed a reasonable distance from a church because the milieu of such a place is considered inimical to the best interests and welfare of those who attend church or Sunday School. State ex rel. Yung Sing v. Permenter, Fla., 59 So.2d 773. The same reasoning, however, doesn’t necessarily apply to the home of the pastor. It is not a sacred building nor do all members of the church have a common right to use the parsonage. The primary purpose of a parsonage is secular, not religious; it is not designed or intended as a place of worship. Actually, except for the goodness of its occupant, it is no different from any other home. The fact that the parsonage is sometimes used for meetings by a missionary circle and by a young matrons group does not distinguish it from thousands of other homes similarly used throughout Florida. Though not entirely applicable, it is worth noting that taxation statutes exempting property devoted to religious purposes are generally construed as not including parsonages. 84 C.J.S. Taxation § 291, p. 595. In Florida parsonages are exempt from taxation by being specifically designated in the statute, F.S. § 192.06, F.S.A., and not because they are places of worship.
We readily concede that we should indulge all possible presumptions in favor of the church and the parsonage and not dealers in whiskey. But it would seem that a “church facility” means a thing devoted primarily to religious or church purposes and not something used primarily for residential purposes. Despite the fact that some informal meetings are held in the parsonage, the proof indicates it was a family residence and nothing more. None of the church services are conducted in the parsonage, and no Sunday School or other *730 religious classes are held there. The pastor’s private residence is no more a church facility than the writer’s home is a court facility.
It need not be decided here, but there is substantial basis in law to conclude that the words “in use as a part of the church facilities” mean exclusive use: that the word “use” is unqualified. But, certainly if the word does not mean exclusive use, it at very least means primary use. A church facility implies a place for public worship or public religious meetings, certainly “public” insofar as the particular congregation is concerned. The public, or the congregation, has no more right to enter the private home of the pastor than they have to enter the residence of any other member of the congregation.
Although we regret the necessity for so doing, we must conclude that the court below should be reversed.
TERRELL, C. J., and HOBSON and O’CONNELL, JJ., concur.