352 F.2d 474
 Robert Louis WILLIFORD, Appellant,
v.
PEOPLE of the State OF CALIFORNIA, Robert A. Heinze, Warden, Folsom State Prison, et al., Appellees.
Amos X. BRISTER, Appellant,
v.
PEOPLE of the State OF CALIFORNIA, Robert A. Heinze, Warden, Folsom State Prison, et al., Appellees.
Ivory X. GUIDRY, Appellant,
v.
PEOPLE of the State OF CALIFORNIA, Robert A. Heinze, Warden, Folsom State Prison, et al., Appellees.
George X. MORRIS, Appellant,
v.
PEOPLE of the State OF CALIFORNIA, Robert A. Heinze, Warden, Folsom State Prison, et al., Appellees.
 Nos. 19160-19163.
 United States Court of Appeals Ninth Circuit.
 October 28, 1965.
 As Amended November 12, 1965.
 Rehearing Denied December 3, 1965.
 
 Robert Townsend, San Jose, Cal., for appellants.
 Thomas C. Lynch, Atty. Gen. of Cal., Doris H. Maier, Asst. Atty. Gen., Edsel W. Haws, Deputy Atty. Gen., Sacramento, Cal., for appellees.
 Before POPE, HAMLEY and KOELSCH, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 The plaintiffs in these four actions are California state prisoners, inmates of Folsom State Prison. Each seeks damages from Warden Robert A. Heinze, the State of California, and "John Does," for asserted violations of the Civil Rights Act, Rev.Stat. § 1977 et seq. (1875), 42 U.S.C. § 1981 et seq. (1964). Federal jurisdiction is conferred by 28 U.S.C. § 1343 (1964). The basis of liability in each case is the alleged systematic harassment of plaintiffs in the exercise of what is termed the "Islamic" religion, embraced by them as Black Muslims.
 
 
 2
 In each case defendant Heinze moved under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the action, asserting several grounds for such relief. At the same time, and in the alternative, Heinze moved pursuant to Rule 56, Federal Rules of Civil Procedure, for a summary judgment dismissing the action. In support of the latter motion, Heinze submitted a number of affidavits and exhibits. The respective plaintiffs filed countering affidavits and exhibits.
 
 
 3
 In the case in which Robert Louis Williford is plaintiff the district court entered a memorandum opinion and order disposing of both motions. Williford v. California, N.D.Cal., 217 F.Supp. 245. The motion for summary judgment was denied on the ground that since there are certain genuine issues of material fact, Rule 56(c), Federal Rules of Civil Procedure, precludes the granting of such a motion. The motion to dismiss the action under Rule 12(b) was granted on the ground that the complaint failed to state a claim upon which relief could be granted.
 
 
 4
 On the same day, the district court entered orders in the other three cases dismissing them under Rule 12(b) for the reasons set forth in the Williford opinion. These orders do not expressly dispose of the alternative motions for summary judgment; but in view of the adoption of the Williford opinion in each case, we assume that, as in Williford, and for the same reason, the district court denied the alternative motions.
 
 
 5
 Appellants argue that the actions should not have been dismissed under Rule 12(b) because in acting on that motion the district court did not accept as true the factual allegations of the complaint, but relied upon certain additional or conflicting information in the affidavits and exhibits filed in support of the motion for summary judgment.
 
 
 6
 Williford's amended complaint, which is typical of the complaints in all four cases, sets forth the following factual allegations: defendants formed a conspiracy under color of state law, to oppose and obstruct the lawful execution and administration of plaintiff's right to worship God according to the dictates of his own conscience. As a result of this restraint and conspiracy, plaintiff is confined to a segregated unit of the prison, with the loss of credits and good time and is the victim of insults, racial prejudice and other punishments. No other inmates are given solitary confinement for praying to God, or subject to punishment for the practice of their religious beliefs.
 
 
 7
 Appellants are correct in asserting that, in passing upon the Rule 12(b) motion, the court did not limit itself to the factual allegations of the complaints. The court gave credence to those parts of the defendants' affidavits and exhibits, filed in support of the motion for summary judgment, tending to show, contrary or in addition to any allegation of the complaints that: (1) the nature of the Muslim beliefs is such that Black Muslims are prevented from coöperating with prison officials and other inmates; (2) to allow all Black Muslims to engage in the practice of their services would be detrimental to the administration of the prison and would present a serious threat to the maintenance of order; (3) the disallowance of all Muslim action in the prisons is substantially more feasible than would be a piecemeal investigation of each individual circumstance of which complaint might be made.
 
 
 8
 In passing on a motion to dismiss for failure to state a claim, the facts set forth in the complaint must be assumed to be true and complete, and affidavits and other evidence may not be considered. See Land v. Dollar, 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209, n. 4. It follows that the dismissal of the action under Rule 12(b) (6) cannot be sustained on the ground relied upon by the district court.
 
 
 9
 If, however, the amended complaint, considered apart from all other materials, fails to state a claim on which relief can be granted, then we should sustain the dismissal under Rule 12(b) (6), notwithstanding the fact that the district court improperly based such dismissal on facts not alleged in that pleading. See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80; Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224.
 
 
 10
 The allegations of fact contained in the amended complaint, as summarized above, do not state a claim against the State of California under the Civil Rights Act. In Monroe v. Pape, 365 U.S. 167, 187-192, 81 S.Ct. 473, 5 L.Ed.2d 492, it was held that a municipal corporation is not a "person" subject to suit within the meaning of R.S.1979, 42 U.S.C. § 1983. A municipal corporation is but a political subdivision of a state, and if a state's political subdivisions are not "persons" under the statute, then neither is the state. See, also, Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421, 422-423. The district court therefore did not err in granting the Rule 12(b) (6) motion as to the defendant state.
 
 
 11
 Concerning the personal defendants, the allegations of fact state a claim under the Civil Rights Act, on which relief can be granted. See Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030. The district court therefore erred in granting the Rule 12(b) (6) motion as to those defendants.
 
 
 12
 Pointing to the fact that there was an alternative motion under Rule 56, for a summary judgment, appellee asks us to uphold the dismissal under the latter motion notwithstanding the fact that the district court expressly denied the Rule 56 motion. In this connection it is to be borne in mind that Rule 12(b) itself provides, in part, that if, on a motion to dismiss for failure to state a claim, "* * * matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, * * *."
 
 
 13
 But appellants contend that apart from the district court's express denial of the Rule 56 motion, the order is not sustainable as a summary judgment because there are genuine issues as to material facts. Rule 56(c) expressly precludes the entry of summary judgment where there are such issues.
 
 
 14
 In our view there are genuine issues of material fact. These issues bear upon the nature of the Muslim beliefs, the effect that practice of such beliefs has had and will have upon the maintenance of order and discipline in the prison, and the administrative difficulties involved in permitting Black Muslims more latitude in the dissemination and practice of their beliefs within the prison walls. These issues were drawn when plaintiff filed a response to the affidavits and exhibits filed in support of the motion for summary judgment.
 
 
 15
 We therefore agree with the district court that entry of a summary judgment would have been inappropriate. Accordingly the order under review may not be sustained on the theory that it constitutes a summary judgment.
 
 
 16
 Nothing said in this opinion is intended to intimate any view as to whether the facts additionally relied upon by the district court in granting the Rule 12(b) (6) motion, if established at the trial, would entitle defendants to a dismissal.
 
 
 17
 Reversed and remanded for further proceedings consistent with this opinion.