185 So.2d 777 (1966)
ABENKAY REALTY CORP., a New York Corporation Authorized to Do Business in the State of Florida, Henry Katz and Gertrude Katz, His Wife, Bernard Katz and Lucille Katz, His Wife, Mark Xx Investment Corp., a Florida Corporation, and Mipac, Inc., a Florida Corporation, Appellants,
v.
DADE COUNTY, a Political Entity of the State of Florida and the Church of the Living God, Appellees.
No. 65-794.
District Court of Appeal of Florida. Third District.
April 26, 1966.
Rehearing Denied May 11, 1966.
*778 Kelly, Brooks & Ropes, Coral Gables, Horton & Schwartz, Miami, for appellants.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Sinclair, Barfield & Louis, for appellees.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
The appellant, Abenkay Realty Corp., brings this appeal from a judgment of the circuit court denying a writ of certiorari. The petition for the writ was brought in the circuit court to review a decision of the Board of County Commissioners of Dade County which sustained, upon appeal, a resolution of the Zoning Appeals Board. Inasmuch as this is a review of a judgment of the circuit court *779 denying a petition for writ of certiorari, our review of that judgment is limited. See Morris v. City of Hialeah, Fla.App. 1962, 140 So.2d 615.
A chronological history of the events which lead up to the present controversy covers a space of almost 20 years. It may best be set out in tabular form as follows:

 May 5, 1948 Building permit issued for single family residence
 but building used as the Church of the Living God.
 April 14, 1964 Petitioners filed application for a permit to
 construct building to be used as a bar within 2500
 feet of the church.
 October 2, 1964 County Attorney rendered an opinion authorizing the
 issue of a permit, which in effect, declared that the
 church was using the premises illegally.
 October 5, 1964 The church filed a formal request with the Zoning
 Appeals Board for eight variances with one exception.
 November 18, 1964 Zoning Appeals Board granted church's request.
 November 20, 1964 A permit was issued for the construction of a building
 to be used as a bar and package liquor store.
 November 23, 1964 Church appealed, to the Zoning Appeals Board, the
 action of the Director of the Building and Zoning
 Department in issuing a permit to build a bar. On the
 same date a stop-work order was issued. (Following an
 injunction by the circuit court, the petitioners were
 allowed to go ahead with construction at their own
 peril.)
 January 20, 1965 The Zoning Appeals Board cancelled and annulled
 the permit to build a bar.
 April 22, 1965 The County Commission by resolution sustained the
 action of the Zoning Appeals Board revoking the
 permit.
 September 9, 1965 The circuit judge denied the petition for certiorari
 finding that the evidence supported a finding that the
 Church had been a church since 1947.

Appellant brings two points on appeal. They are as follows:
"WERE THE ACTIONS OF THE COUNTY COMMISSION AND ZONING APPEALS BOARD REVOKING APPELLANTS' PERMIT ARBITRARY, UNREASONABLE AND A DENIAL OF DUE PROCESS UNDER THE CIRCUMSTANCES:
"UNDER THE CIRCUMSTANCES, WAS THE COUNTY AND ITS ADMINISTRATIVE AGENCY, THE ZONING APPEALS BOARD, ESTOPPED TO REVOKE THE PERMIT, AND IF SO, WAS THE APPELLEE CHURCH LIKEWISE ESTOPPED?
The burden of appellants' first point is that inasmuch as the Church of the Living God had been holding meetings in a building which was in violation of the Zoning Code, the building could not be considered a "church" in the determination of an application for a building permit. The fact that the Zoning Appeals Board, *780 the County Commission and the circuit judge refused to follow this argument does not render their respective decisions arbitrary, unreasonable and a denial of due process.
The Code of Metropolitan Dade County provides:
"Sec. 33-150. Location of establishments.
* * * * * *
"(B) Distance from church or school. No premises shall be used for the sale of alcoholic beverages to be consumed on or off the premises where the structure or place of business intended for such use is located less than 2500 feet from a church or public school.
* * * * * *
"(C) Compliance prerequisite to issuance of licenses, permits and certificates. No certificate of use or occupancy, license, building or other permit shall be issued to any person, firm, or corporation for the sale of alcoholic beverages to be consumed on or off the premises where the proposed place of business does not conform to the requirements of subsections (a) and (b) above."
The Code defines a church as: "A legally approved structure used and approved on a permanent basis, primarily for the public worship of God." Code of Metropolitan Dade County, § 33-1(27).
The ordinance is enacted pursuant to sections 561.44 and 561.441, Fla. Stat., 1963,[1] F.S.A., which are as follows:
"561.44 Licensing vendors near school or church; zoning regulations in cities and counties. 
* * * * * *
"(2) The board of county commissioners of any county of the state may hereafter, by resolution, establish zones or areas, in the territory lying without the limits of incorporated cities or towns, wherein the location of a vendor's place of business licensed under this act may be permitted to be operated; provided, however * * * that no license under subsections (3) to (8) inclusive, of § 561.34, shall be granted to a vendor in the territory lying without the limits of incorporated cities or towns, whose place of business is within twenty-five hundred feet of an established church or school * * *."
"561.441 Additional zoning powers granted certain counties. 
"(1) From and after May 30, 1949, the county commissioners of those counties in the state where the sale of intoxicating liquors is permitted and where said commissioners are authorized to establish or have established zoning and planning boards, be and they are, hereby authorized to determine the distance from churches and schools within which intoxicating liquors may be sold in those areas within said counties outside the limits of incorporated cities and towns that are now, or which may hereafter be, designated or zoned for business purposes."
Inasmuch as the statutes have a general and uniform operation throughout the State, the County may not legislate on the subject except as authority is expressly granted. Cf., Williams v. Town of Dunnellon, 125 Fla. 114, 169 So. 631, 637 (1936); Dade County v. Young Democratic Club of Dade County, Fla. 1958, 104 So.2d 636; State v. Dade County, Fla. 1962, 142 So.2d 79. Section 561.441 authorizes the County to fix distances, but it grants no authority to define a church. The word "Church" has a plain and ordinary signification, and we must assume that the Legislature intended that it be given its natural meaning. See State ex rel. Hanbury *781 v. Tunnicliffe, 98 Fla. 731, 124 So. 279, 281 (1929), where the Court stated:
"In the interpretation of statutes words in common use are to be construed in their natural, plain, and ordinary signification, unless it appears they were used in a technical or other sense. Southern Bell Tel. [& Tel.] Co. v. D'Alemberte, 39 Fla. 25, 21 So. 570. The Legislature is presumed to know the meaning of words and the rules of grammar. The courts have no function of legislation, but simply seek to effectuate the intent of the Legislature."
The purpose of the statute and ordinance is to free churches from the influence of establishments selling intoxicating liquor. See Shipbaugh v. City of Sarasota, Fla. 1957, 94 So.2d 728, 729, where the Court stated:
"* * * We have held that the primary purpose of such an ordinance is to remove the atmosphere of an establishment where whiskey is sold and consumed a reasonable distance from a church because the milieu of such a place is considered inimical to the best interests and welfare of those who attend church or Sunday School. * * *"
* * * * * *
"We readily concede that we should indulge all possible presumptions in favor of the church and the parsonage and not dealers in whiskey. But it would seem that a `church facility' means a thing devoted primarily to religious or church purposes and not something used primarily for residential purposes. * * *"
* * * * * *
"* * * A church facility implies a place for public worship or public religious meetings * * *."
The District Court of Appeal, Second District, has recognized that the term church "may denote either a society of persons who, professing Christianity, hold certain doctrines or observances which differentiate them from other like groups, and who use a common discipline, or the building in which such persons habitually assemble for public worship." First Independent Missionary Baptist Church of Chosen v. McMillan, Fla.App. 1963, 153 So.2d 337, 342. [Emphasis supplied.]
We hold that the circuit judge did not err in holding that the record supported a finding that the building in question was a church.
Appellants' second point urges that, under the circumstances revealed by the record, the county was estopped to revoke its permit under the principle laid down by the Supreme Court of the State of Florida in Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433. The facts in the present case did not bind the circuit judge to find estoppel, and his decision is not erroneous under the cited case because there are basic differences between the two cases. Mr. Sakolsky proceeded to make a substantial beginning of building operations under a valid building permit which was later revoked. In the present instance, the permit was unauthorized and illegal ab initio insofar as it authorized a use of the building for the sale of alcoholic beverages from the time it was issued. In addition, it should be noted that only three days (from Friday, November 20, 1964, to Monday, November 23, 1964) elapsed between the granting of the permit and the issuance of a stop-work order. The appellants' permit has not been revoked and it has been allowed to build a business building, but the building cannot be used for a purpose which is illegal under the circumstances. See State ex rel. First Presbyterian Church of Miami v. Fuller, 133 Fla. 554, 182 So. 888 (1938).
Affirmed.
NOTES
[1] See State ex rel. Eichenbaum v. Cochran, Fla. 1959, 114 So.2d 797.