**George HORN, Plaintiff,**

**v.**

**The PEOPLE OF CALIFORNIA, To Richard A. McGee, Agency Administrator, Walter Dunbar, Director of Corrections, Fred R. Dickson, Adult & Parole Member, Robert A. Heinze, Warden, Folsom Prison, et al., State Department of Corrections; State of California, Defendants.**

**Civ. No. 9100.**

United States District Court,
E. D. California.

Sept. 23, 1968.

Nathaniel S. Colley, Sacramento, Cal., for plaintiff.

Office of the Atty. Gen., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

MacBRIDE, District Judge.

Plaintiff is an inmate of the California State Prison at Folsom, California. He brought an action seeking declaratory relief, injunctive relief, and damages under the Federal Civil Rights Act (42 U.S.C. § 1983) alleging deprivation of his religious freedom under the United States Constitution.

Plaintiff is a follower of "the ancient and eternal Religion of Islam, as taught to the so-called American Negro by the Honorable Elijah Muhammed, Spiritual Leader and Teacher of the Lost-Found Nation of Islam in North America." He claims that prisoners of his faith are denied the right to study and practice their religion to the same extent as prisoners of other religions.

He specifically requests the right to receive literature of his faith, the right to correspond with ministers of his re-

ligion, and the right to use prison facilities for holding religious meetings and classes to the same extent allowed other religions.

After plaintiff filed his suit, the California Director of Corrections changed the prison regulations on Black Muslims' religious rights. Plaintiff is now satisfied with the regulations but still seeks a declaration of his religious rights and an injunction restraining adoption of more stringent regulations concerning his religious activities. He also presses his claim for damages in the amount of $200,000.

Defendants have moved to dismiss the prayer for declaratory and injunctive relief on the ground of *mootness* and the prayer for damages on the ground of official immunity.

█ A case does not become moot, thus depriving the court of power to hear and determine it, merely because the defendant has voluntarily ceased the alleged illegal conduct. United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). The defendants are not entitled to a dismissal as of right unless they can carry the heavy burden of showing that "there is no reasonable expectation that the wrong will be repeated." United States v. W. T. Grant Co., *supra* at 633, 73 S. Ct. at 897; United States v. Aluminum Co. of America, 148 F.2d 416, 448 (2d Cir. 1945). In light of the broad grant of power to the California Director of Corrections,[1] the defendants have not carried that burden here.

█ Although the defendants are not entitled to a dismissal as of right, the case may still be dismissed if the plaintiff fails to convince the court that further relief is needed. Some cognizable

danger of recurrent violation must exist. United States v. W. T. Grant Co., *supra.* Other factors may also be weighed. "To be considered are the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases the character of the past violations." United States v. W. T. Grant Co., *supra,* 345 U.S. at 633, 73 S.Ct. at 898.

█ Here the intent to satisfy plaintiff's grievance appears in a statewide regulation. I have no reason to doubt that the new regulations are being followed and will continue to be followed in the future. See Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963). I therefore find that the gravity of the harm threatened, discounted by its improbability and the opportunity for future redress, does not justify further declaratory or injunctive relief in this case.[2]

█ This conclusion is consistent with the policy of avoiding "unnecessary interference by the federal courts with proper and validly administered state concerns." Harrison v. NAACP, 360 U.S. 167, 176, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959). State prison administration and the adoption of rules and regulations concerning state prisons, even in the context of alleged denial of religious freedom, are matters of special state interest. See Sostre v. McGinnes, 334 F.2d 906 (2d Cir. 1964), cert. denied, 379 U.S. 892, 85 S.Ct. 168, 13 L.Ed.2d 96.

The defendants have further moved for a dismissal of the damage action.[3] Their claim is that these defendants are officially immune from suit under the Civil Rights Act for actions such as plaintiff alleges.

---

1. California Penal Code § 5058 provides: "The director may prescribe rules and regulations for the administration of the prisons and may change them at his pleasure."

2. Since any decree based on constitutional grounds limiting the Director's power to change the regulations would enjoin his power to act under state law, there is

grave doubt as to whether any further relief could be granted without summoning a three-judge court under 28 U.S.C. §§ 2281 & 2284.

3. The Attorney-general based his motion on Rule 39(a) as to the personal defendants. It should have been made under Rule 12 (b) (6) and is here so treated.

■ The motion to dismiss will be granted as to defendants "State of California", "The People of California" and "State Department of Corrections." Such entities are not persons and are not subject to damage suits under the Civil Rights Act. Serrano v. People of State of California, 361 F.2d 474 (9th Cir. 1966); Williford v. People of California, 352 F.2d 474 (9th Cir. 1965); Williams v. Craven, 273 F.Supp. 649 (C.D.Cal. 1967).

The personal defendants are: Richard A. McGee, "Agency Administrator"; Walter Dunbar, Director of Corrections; Fred R. Dickson, "Adult and Parole Member"; and Robert A. Heinze, Warden of Folsom Prison. As to them the motion to dismiss must be denied.

The Court of Appeals for the Ninth Circuit has recently held in the case of Williford v. People of California, 352 F.2d 474 (9th Cir. 1965), that a complaint substantially similar to the one in this case was not subject to a motion to dismiss under Rule 12(b) (6). The complaint in Williford was described by the court as follows:

> The basis of liability * * * is the alleged systematic harassment of plaintiffs in the exercise of what is termed the "Islamic" religion, embraced by * * * [the plaintiff as a Black Muslim].

> Williford's amended complaint * * sets forth the following factual allegations: defendants formed a conspiracy under color of state law, to oppose and obstruct the lawful execution and administration of plaintiff's right to worship God according to the dictates of his own conscience. As a result of this restraint and conspiracy, plaintiff is confined to a segregated unit of the prison, with the loss of credits and good time and is the victim of insults, racial prejudice and other punishments. No other inmates are given solitary confinement for praying to God, or subject to punishment for the practice of their religious beliefs. (352 F.2d at 475.)

The defendants in *Williford* held similar posts to those in this case. They were a warden, two associate wardens, a "program administrator", and two "guard lieutenants." The court there held that as to all personal defendants the complaint stated a claim on which relief could be granted.

■ The complaint in the present case, while not written by a lawyer, can be said to allege the following: That the defendants, and each of them, acting under color of state law, wilfully and maliciously, with full knowledge that they were exceeding their legal authority, did the following: 1.) Denied plaintiff the right to practice his religion and worship God according to his religion, without fear of reprisals and extreme punishment. 2.) Denied plaintiff the right to communicate with ministers of his faith and purchase Islamic literature and materials to the same extent as prisoners of other faiths. 3.) Caused plaintiff to be discriminated against on account of his religion in matters of reduction in custodial status, job assignments, and determination of sentence. 4.) Caused plaintiff to be singled out for special discrimination and subjected to vexation, torment, mental anguish and suffering by all prison personnel on account of his religion.

The plaintiff here alleges substantially the same facts as in *Williford*. Therefore, on the basis of *Williford* he must be allowed to proceed.

The Attorney-general (acting on behalf of the defendants) seeks to distinguish *Williford* on the ground that the court there was referring only to plaintiff's right to *some* relief, meaning an injunction, but not damages. However, although Williford was seeking an injunction as well as damages, the opinion never mentioned the injunction, but only described the action as one for damages. It can therefore hardly be read as not applying to claims for damages.

The plaintiff must still prove his contentions and substantiate his claim of damages before he can recover. The defendants may have a complete defense if they can show that they were acting in good faith. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). While plaintiff's chances for success may not appear great, a complaint may be dismissed only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Corsican Productions v. Pitchess, 338 F.2d 441 (9th Cir. 1964). That extreme is not present here.

Defendants' previous motion for summary judgment is likewise denied. There are issues of fact to be determined and the motion must therefore be denied. See Williford v. People of California, 352 F.2d 474 (9th Cir. 1965).

Plaintiff also asserts that paying money to prison chaplains (of other faiths) is an establishment of religion. Such claim is without merit and is dismissed pursuant to Rule 12(b)(6). See School District of Abington Township, Pa. v. Schempp, 374 U.S. 203, 296-299, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963) (concurring opinion).

It is therefore ordered that plaintiff's prayer for declaratory and injunctive relief be, and the same is, hereby dismissed;

And it is further ordered that defendants' motion to dismiss plaintiff's complaint as to defendants State of California, The People of California, and State Department of Corrections, be and the same is, hereby granted; as to all other defendants, that the motion to dismiss be, and the same is, hereby denied;

And it is further ordered that plaintiff's claim as to the unconstitutionality of prison chaplains be, and the same is, hereby dismissed.