PER CURIAM.
The appellant was the petitioner for a writ of certiorari in the circuit court. It appeals a final order denying the petition. In the circuit court, the appellant sought to review and quash a decision of the City of North Miami’s Board of Adjustment, subsequently affirmed by the City Council, which ruled that the City’s Building and Zoning Department had been correct in denying a permit to the petitioner to construct a ready-mix concrete batching plant on its property in the City’s industrial zone. The Board of Adjustment and the City Council reasoned that the operation of a ready-mix concrete batching plant was not a use permitted by the City’s zoning ordinance. The circuit court, after reviewing the pleadings before it and the record of proceedings filed by the petitioner, found that the decision under review was in accordance with the law governing the application. The specific finding of the circuit judge was as follows :
* * * * * *
“. . . the proposed use of the property of the Petitioner for a concrete batching plant is not within those uses permitted under Section 29-42 of the Code of Ordinances of the City of North Miami, and further finding that a concrete batching plant as proposed by the Petitioner does not come within the permitted use found in Section 29-42 (29) permitting, ‘contractor’s plants and/or storage yards, providing the area used is enclosed by a building or by a wall not less than six feet in height,’ . . .”
sj: >(i % #
Appellant’s petition for certiorari alleged that the decision of the City’s Boards of Adjustment, and the subsequent affirmance thereof by the City Council, are arbitrary, *437 unreasonable, illegal, nugatory, void, and in excess of jurisdiction because these rulings constitute an unlawful rezoning of petitioner’s property. It was specifically alleged in the petition that the use specified in petitioner’s application for a building permit to construct a “concrete batching plant” would constitute a permitted use in respondent’s industrial zone. It was further alleged as follows:
‡ * * >f* *
“10. That the buildings, machinery, and fixtures, which Petitioner intends to construct on its said property, and its manufacture of redi-mix concrete therein and thereby, is and constitutes a ‘contractor’s plant and storage yard’ within the meaning of the same as specified in Respondent’s Zoning District 3-A, and all the evidence before Respondent’s said administrative officers and bodies is conclusive to that effect, and there is none to the contrary;”

On this appeal appellant presents the same arguments presented below. The point presented is as follows:
“Is the manufacture of ready mix concrete a permitted use in respondent’s industrial zoning district 3-A, which permits ‘contractor’s plants and/or storage yards, providing the area used is enclosed by a building or by a wall not less than six feet in height’ ? ”
We hold that the appellant has failed to demonstrate error in view of the rule of statutory construction that a court must seek to follow the législative intent when construing a legislative enactment. State ex rel. Hughes v. Wentworth, 135 Fla. 565, 185 So. 357 (1938); Abenkay Realty Corp. v. Dade County, Fla.App.1966, 185 So.2d 777. The statutory con struction urged by the appellant is based upon the broad dictionary definition of the words “plant” and “contractor”. Thus, appellant would have the courts hold that the term “contractor’s plants and/or storage yards” includes any type of industrial enterprise operated by a business.[1] We think that this construction would be unreasonable because it would mean no limitation upon the type of plant that could be built in this zoning area notwithstanding the clear intent of the ordinance to limit the type of business activity which may be undertaken. In its effort to limit the type of business activity, the appellee City has listed some forty-two permitted uses, none of which include a concrete manufacturing plant. Appellant did not undertake by the petition for certiorari to show, nor does the record reveal, that the use it seeks is proper because it is similar to or analogous to the permitted uses. Its reliance is entirely upon use #29 which is contractor’s plants as above discussed.
We hold that appellant has failed to demonstrate error upon the trial court’s denial of its petition for certiorari.
Affirmed.

. Appellant urges definitions from Webster’s New International Dictionary (2d . Ed., Unabridged) as follows :
“Plant — The machinery, apparatus, fixtures, etc., employed in carrying on a trade or a mechanical or other industrial business; as, an electric-light irtant, a fishing plant, etc. In the commercial sense, a plant may include real estate and all else that represents capital invested in the means of carrying on a business, exclusive of the raw material or the manufactured product. A factory, workshop or apparatus complete, for the manufacture of a particular product; as, a bicycle plant.”
“Contractor — One who contracts ; a party to a bargain; one who formally undertakes to do anything for another; specif., one who contracts to perform work, or supply articles on a large scale, at a certain price or rate, as in building houses or provisioning troops. Such a contractor specializing in a (specified) material or type of work, as in: advertisement contractor, coal contractor, road contractor, stone contractor, timber contractor.”