297 So.2d 606 (1974)
Virgil HORNE and Ruth Horne, His Wife, Appellants,
v.
HERNANDO COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 74-202.
District Court of Appeal of Florida, Second District.
July 19, 1974.
Frank McClung, Brooksville, for appellants.
Robert Bruce Snow, Brooksville, for appellees.
GRIMES, Judge.
Appellants attack the constitutionality of a county ordinance which prohibits the issuance of alcoholic beverage licenses to any new business located within 1500 feet of an established church or school. Appellants assert that the ordinance constitutes a favoring of religion contrary to the constitutional mandate that there shall be no law "respecting an establishment of religion."[1]
Provisions prohibiting the sale of liquor within a prescribed distance of churches have often been before the courts of Florida. E.g. State v. Cochran, Fla. 1959, 114 So.2d 797; Shipbaugh v. City of Sarasota, Fla. 1957, 94 So.2d 728; State v. Permenter, Fla. 1952, 59 So.2d 773; State v. Fuller, 1939, 136 Fla. 788, 187 So. 148; Abenkay Realty Corp. v. Dade County, Fla. App.3d, 1966, 185 So.2d 777. In State v. City of Miami, 1946, 156 Fla. 784, 24 So.2d 705, the court said:
"... The State, in the exercise of its police power, may enact a valid law forbidding the sale of intoxicating liquors in a particular locality such as prohibiting sales within specified distances of Churches, schools and other buildings... ."
However, the precise question presented by this appeal has never been adjudicated in Florida.
The constitutional limitations upon the state with respect to giving preference to religion were reviewed in Johnson v. Presbyterian Homes of Synod of Fla., Inc., Fla. 1970, 239 So.2d 256, in which a tax exemption for homes for the aged was held constitutional even as applied to homes owned by religious organizations and operated primarily for religious purposes. The court pointed out that even if the exemption *607 were regarded as benefiting religious organizations, it did not follow that the statute violated the First Amendment to the U.S. Constitution.[2] The court said:
"A state cannot pass a law to aid one religion or all religions, but state action to promote the general welfare of society, apart from any religious considerations, is valid, even though religious interests may be indirectly benefited. If the primary purpose of the state action is to promote religion, that action is in violation of the First Amendment, but if a statute furthers both secular and religious ends, an examination of the means used is necessary to determine whether the state could reasonably have attained the secular end by means which do not further the promotion of religion... ."
See also Nohrr v. Brevard County Educational Fac. Auth., Fla. 1971, 247 So.2d 304, in which the court validated county revenue bonds issued to finance the construction of a private college in the face of a contention that the enabling legislation violated the constitutional provisions calling for separation of church and state.
In our view, the determination by Hernando County as part of its comprehensive zoning plan to prohibit the sale of liquor within 1500 feet of an established church was a valid exercise of police power. The word "church" as contained in the ordinance describes a land use. By the passage of the ordinance, the County Commissioners determined that the sale of liquor in close proximity to a church was not in the best interest of the health, safety and welfare of the community. The promotion of religion was not the primary purpose of the ordinance. The fact that the ordinance may incidentally benefit religion does not bring it within the constitutional proscription of the First Amendment.
The judgment is affirmed.
MANN, C.J., and McNULTY, J., concur.
NOTES
[1] U.S.Const. Amend. I; Fla. Const. art. 1, § 3.
[2] The court quoted liberally from Walz v. Tax Commission of City of New York, 1970, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697, wherein the U.S. Supreme Court pointed out that cases should not be decided upon a rigid construction of the Establishment and Free Exercise clauses of the First Amendment, but rather should turn on whether the particular acts in question were intended to or had the effect of sponsoring or interfering with religious beliefs and practices.