548 P.2d 112

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles VOGENTHALER, Defendant-Appellant.**

**No. 2258.**

Court of Appeals of New Mexico.

March 9, 1976.

Vince D'Angelo, Knott & D'Angelo, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of desecrating a church in violation of § 40A–15–3, N.M. S.A.1953 (2d Repl. Vol. 6). His appeal claims: (1) the statute is unconstitutional, and (2) the damage was less than $1,000, therefore, his offense was a misdemeanor rather than a felony.

### Constitutionality

Section 40A–15–3, supra, states:

"Desecration of a church consists of willfully, maliciously and intentionally defacing a church or any portion thereof.

"Whoever commits desecration of a church is guilty of a misdemeanor, except when the damage to the church amounts to more than one thousand dollars ($1,000) he is guilty of a fourth degree felony."

The argument of unconstitutionality has three parts: advancing religion, unequal protection and void for vagueness.

### Advancing Religion

The First Amendment to the Constitution of the United States provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." The Fourteenth Amendment to the Constitution of the United States makes this provision applicable to the states. *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L. Ed. 1213 (1940). Art. II, § 11 of the Constitution of New Mexico provides: ". . . nor shall any preference be given by law to any religious denomination or mode of worship."

Defendant asserts that § 40A–15–3, supra, violates the above quoted "establishment clauses". The violation is said to occur because § 40A–15–3, supra, enhances religion in one of two ways. First, defendant states that the Supreme Court has defined "church" in terms of the Christian religion. Thus, the statute applies to only one religious group. Second, if the statute is held to apply to all "churches", the statute gives "greater protection of Church property, thus advancing religion." Neither contention has merit.

*Church of the Holy Faith v. State Tax Commission*, 39 N.M. 403, 48 P.2d 777 (1935) does not define church in terms of the Christian religion. What the opinion does state is that such a definition has been given by lexicographers.

Two general definitions of church are used. Church has been defined in terms of an organization for religious purposes. Church has also been defined in terms of a place; that is, an edifice where persons regularly assemble for worship. *Calvary Baptist Church v. Coonrad*, 163 Neb. 25, 77 N.W.2d 821 (1956); *Williams v. Williams*, 215 N.C. 739, 3 S.E.2d 334 (1939); *Foster v. Harding*, 426 P.2d 355 (Okl.1967); *Stubbs v. Texas Liquor Control Board*, 166 S.W.2d 178 (Tex.Civ.App. 1942). The sense in which "church" is used in § 40A–15–3, supra, is expressive of a place where persons regularly assemble for worship.

"Church" as expressive of a place is not limited to the Christian religion. *Josey v. Union Loan & Trust Co.*, 106 Ga. 608, 32 S.E. 628 (1899); *Parnes v. Board of Excise Com'rs of City of Elizabeth*, 82 N.J.L.

**152**

285, 82 A. 313 (1912); *In re McCusker*, 47 App.Div. 111, 62 N.Y.S. 201 (1900).

■ Section 40A–15–3, supra, makes it a crime to deface churches. Such a provision does not advance religion; all it does is to provide a penalty for conduct resulting in damage to a church. The following authorities support this result. Federal construction grants to church-related colleges and universities, *Tilton v. Richardson*, 403 U.S. 672, 91 S.Ct. 2091, 29 L.Ed. 2d 790 (1971); property tax exemptions for properties used solely for religious worship, *Walz v. Tax Commission*, 397 U. S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970); paying money to prison chaplains, *Horn v. People of California*, 321 F.Supp. 961 (D.C.Cal.1968) affirmed, 436 F.2d 1375 (9th Cir. 1971), cert. denied, 401 U.S. 976, 91 S.Ct. 1198, 28 L.Ed.2d 326 (1971); maintaining on courthouse grounds a granite monolith inscribed with the Ten Commandments and various symbols including ". . . the Star of David . . . and Christ or peace", *Anderson v. Salt Lake City Corporation*, 475 F.2d 29 (10th Cir. 1973), cert. denied, 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed.2d 124 (1973); statute prohibiting disturbances of religious meetings, *Riley v. District of Columbia*, 283 A.2d 819 (D.C.App.1971); ordinance prohibiting sale of liquor within a specified distance of a church, *Horne v. Hernando County*, 297 So.2d 606 (Fla.App.1974); court construction of testator intent in creating a trust benefitting Protestant Christian Hospitals, *First National Bank of Kansas City v. Danforth*, 523 S.W.2d 808 (Mo.1975), cert. denied, 421 U.S. 992, 95 S.Ct. 1999, 44 L.Ed.2d 483, 421 U.S. 1016, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975); statute prohibiting sodomy, *Carter v. State*, 255 Ark. 225, 500 S.W.2d 368 (1973), cert. denied, 416 U.S. 905, 94 S.Ct. 1610, 40 L.Ed.2d 110 (1974) and a statute prohibiting profane telephone calls, *Baker v. State*, 16 Ariz.App. 463, 494 P.2d 68 (1972).

*Equal Protection*

■ Defendant contends, in his docketing statement, that § 40A–15–3, supra, violates both due process and equal protection of the law because the statute makes it a greater crime to desecrate a church than for criminal destruction of any other kind of property. Any due process claim based on these alleged facts is considered abandoned because not argued in the brief-in-chief. *Novak v. Dow*, 82 N.M. 30, 474 P. 2d 712 (Ct.App.1970).

The equal protection argument is based on a comparison of § 40A–15–3, supra, with § 40A–15–1, N.M.S.A.1953 (2d Repl. Vol. 6). Section 40A–15–1, supra, defines criminal damage to real or personal property. The crime is a petty misdemeanor. However, if the damage is more than $1,000, the crime is a fourth degree felony.

Defendant asserts that § 40A–15–3, supra, is also a statute pertaining to criminal damage to property. Where the damage is $1,000 or more, the crime is a felony. However, where the damage is less than $1,000, the crime is a misdemeanor. One difference between § 40A–15–1 and § 40A–15–3, is between petty misdemeanor and misdemeanor for damage less than $1,000.

Because the property to which § 40A–15–3, supra, applies is a church, defendant asserts that equal protection is violated because § 40A–15–3, supra, imposes a higher penalty for the same crime and there is no rational basis for the difference. Because of the difference in penalties, defendant contends the violator of § 40A–15–3, supra, is treated differently than one who violates § 40A–15–1, supra.

■ There are two answers to the equal protection argument. First, the offenses are not the same. To violate § 40A–15–1, supra, only intentional damage is required. To violate § 40A–15–3, supra, one must willfully, maliciously and intentionally deface a church. While both statutes pertain to criminal damage to property, the elements of the offenses differ. The difference in the elements of the offenses provides a rational basis for the difference in penalties.

■ Second, even if the statutes were the same, there is a rational basis for treating criminal damage to a church differently than criminal damage to other property. Churches "uniquely contribute to the pluralism of American society by their religious activities." Brennan, J., concurring in *Walz v. Tax Commission,* supra. Neutrality of the state toward religion "does not dictate obliteration of all our religious traditions." *Anderson v. Salt Lake City Corporation,* supra. A rational basis for treating criminal damage to a church differently than criminal damage to other property is the role of religion in society as a whole.

*Other Constitutional Claims*

■ In his brief, defendant argues that § 40A–15–3, supra, violates due process because void for vagueness. The contention is that the statute does not adequately give notice as to what constitutes a church or as to what constitutes desecration. No such contention was included in the docketing statement as an issue presented in the appeal. It will not be considered. N.M. Crim.App. 205(a)(4).

*Amount of Damage*

Defendant damaged a door and a window of the church and a crucifix mounted to the wall of the church. The amount of this damage was $536. This damage was either to the building or to a fixture of the building. Defendant does not contend that this damage could not be considered.

Defendant also damaged three statues, a brass altar piece, a tray and two cruets and a second crucifix. They are identified as State's exhibits 1 through 6. The amount of damage to these items is stipulated to be $610. (We note that the trial court's order incorrectly lists the value of the second crucifix. This appears to be an error in typing the order because the damage to the second crucifix was stipulated and is not contested. We mention this discrepancy in an effort to avoid a post-conviction motion.) Unless this $610 damage can be considered, the amount of damage is less than $1,000 and defendant's offense is a misdemeanor rather than a felony.

The trial court found: "State's exhibits # 1 through # 6 were movable objects of church property located in and used in connection with and as a part of worship conducted in the church building and not permanently affixed to the church building."

Because State's exhibits 1 through 6 were not attached to the building, defendant contends they "were not fixtures, and therefore, could not be used in aggregating the amount of damage done to Our Lady of Mount Carmel Church." We have previously pointed out that "church" in § 40A–15–3, supra, is a place where persons regularly assemble for worship. Defendant's contention is that such a "place" means only the church building and its fixtures. He further claims that this is to be determined by property law. Thus he cites, as supporting this argument, cases dealing with fixtures. See *Southwestern Public Service Co. v. Chaves County,* 85 N.M. 313, 512 P.2d 73 (1973); *Garrison General Tire Service, Inc. v. Montgomery,* 75 N.M. 321, 404 P.2d 143 (1965).

■ Section 40A–15–3, supra, does not refer to either real or personal property. Compare § 40A–15–1, supra. Nor does it refer to fixtures. See *Rex v. Nixon and Scroop,* 7 Car. & P. 441, 173 Eng.Reports 196 (1836). Accordingly, we do not look to property law to determine the meaning of the statute.

However, rejection of defendant's property law contention does not dispose of the issue. Is damage to movable contents included within § 40A–15–3? Seeking to answer this question we consider "the context and the approved usage of the language." Section 1–2–2, N.M.S.A.1953, (Repl. Vol. 1, Supp.1975). We also consider prior statutes in pari materia. *State v. Vickery,* 85 N.M. 389, 512 P.2d 962 (Ct. App.1973).

■ The statute refers to "defacing a church or any portion thereof." "Portion"

means "part" or "share". Webster's Third New International Dictionary, 1966. The context of the statutory language does not provide an answer to the question.

*Presbyterian Church v. Allison*, 10 Penn. (Barr.) 413 (1849) states: "All churches are spoken of in common parlance as *buildings.*" (Emphasis in the decision.) Webster's Dictionary, supra, defines "church", used in the sense of a place, as a "building" or "house". The various definitions in Webster's Dictionary, supra, do not include movable contents. On the other hand, *Keeling v. Board of Zoning Appeals*, 117 Ind.App. 314, 69 N.E.2d 613 (1946) states that church "may . . . include . . . all such rooms and facilities under one roof as ordinarily form and constitute a part of the building, equipment, and are deemed necessary, or useful, in connection with a modern church of the particular denomination involved." See also, *Board of Zoning Appeals v. Wheaton*, 118 Ind.App. 38, 76 N.E.2d 597 (1948); *Maumee Valley Broadcasting Assn. v. Porterfield*, 29 Ohio St.2d 95, 279 N.E.2d 863 (1972). This possible use of church, as a place, is to be contrasted with the various definitions of church in *Calvary Baptist Church v. Coonrad*, supra, all of which define church in terms of a building. In light of the foregoing, we cannot conclude that the usage of language includes movable contents within the meaning of church as a place.

The prior New Mexico statute, Laws 1923, ch. 63, § 1, stated that a person should not, willfully and without consent "injure, deface or carry away from any church in this State any statues, statuary, books, paintings, or other property within said church or its inclosures . . . ."

This statute distinguishes between a church and its contents. The *Report of the Criminal Law Study Interim Committee, 1961–62,* recommended that the statute be revised substantially to its present form. The 1965 amendment to § 40A–15–3, supra, is not pertinent to the meaning of "church". Because of the difference in wording between § 40A–15–3, supra, and the prior statute, we cannot conclude, under the doctrine of pari materia, that the Legislature intended "church" to include its movable contents.

Under the foregoing rules of construction we cannot say that the Legislature intended that "church" in § 40A–15–3, supra, include within its meaning the movable contents of the building. Accordingly, we apply the rule that criminal statutes must be strictly construed. *State v. Clark*, 80 N.M. 340, 455 P.2d 844 (1969). The result is that, absent a legislative intent to the contrary, "church or any portion thereof" does not include the damage to exhibits 1 through 6. In reaching this result we have not overlooked *Church of the Holy Faith v. State Tax Commission*, supra, which holds that *church property* means "buildings with land they occupy and *furnishings therein*, used for religious purposes . . . ." (Our emphasis.) Section 40A–15–3, supra, does not refer to church property, only "church".

The conviction for violation of § 40A–15–3, supra, is affirmed. The felony sentence is reversed. The cause is remanded with instructions to sentence defendant for a misdemeanor.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.